EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| JJJ Adventure, LLC<br><br>Peticionario<br><br>v.<br><br>Consejo de Titulares del Condominio Adaligia; Aseguradora X<br><br>Recurrido | Certiorari<br><br>2025 TSPR 123<br><br>216 DPR ___ |

Número del Caso: AC-2024-0111

Fecha: 25 de noviembre de 2025

Tribunal de Apelaciones:

    Panel III

Representantes legales de la parte peticionaria:

    Lcda. Janet Natal Cabrera
    Lcdo. Fernando Cervoni

Representante legal de la parte recurrida:

    Lcda. Marimar Pérez Riera

Materia: Propiedad Horizontal; Procedimiento Civil – El tribunal tiene jurisdicción en una demanda contra el Consejo de Titulares de un Condominio cuando la demandante ya no es titular del apartamento al presentar la reclamación, aunque lo era al momento en que nació su causa de acción.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| JJJ Adventure, LLC<br><br>Peticionario<br><br><br>v.<br><br><br>Consejo de Titulares del<br>Condominio Adaligia;<br>Aseguradora X<br><br>Recurrido | AC-2024-0111 |

**El Juez Asociado señor Candelario López emitió la Opinión del Tribunal.**

En San Juan, Puerto Rico a 25 de noviembre de 2025.

En esta ocasión tenemos la oportunidad de interpretar la extensión de la jurisdicción primaria y exclusiva conferida a un foro administrativo por la Asamblea Legislativa. En específico, tenemos que resolver si los foros inferiores erraron al desestimar una *Demanda*, en contra del Consejo de Titulares de un Condominio, por entender que, al amparo del Art. 65 de la Ley de Condominios, *infra*, el Departamento de Asuntos del Consumidor (DACo) tenía jurisdicción primaria y exclusiva sobre la materia. Ello surge porque, a pesar de que la peticionaria no era titular en el Condominio cuando presentó su petitorio, sí lo fue al momento en que nació su causa de acción. Como resultado, los foros inferiores desestimaron el recurso al justipreciar que, como las causas de acción surgieron cuando la parte peticionaria era

titular en el Condominio, estaban impedidos para atender el asunto, puesto que el DACo es el foro con la jurisdicción primaria y exclusiva para atender las impugnaciones a actos u omisiones del Consejo de Titulares.

Por considerar que los foros inferiores erraron al desestimar la *Demanda* de epígrafe, adelantamos que procede revocar la *Sentencia* recurrida. A continuación, exponemos los hechos que originaron el asunto ante nuestra consideración.

**I**

Los hechos de este recurso tienen su origen en las filtraciones ocasionadas a un apartamento en Condado. A saber, el 20 de diciembre de 2023, JJJ Adventures, LLC (JJJ o parte peticionaria) presentó una *Demanda* sobre cobro de dinero, enriquecimiento injusto y honorarios de abogado por temeridad en contra del Consejo de Titulares del Condominio Adaligia (Consejo o Consejo de Titulares) y la Aseguradora X. En su petitorio, sostuvo que fue titular de un apartamento en el Condominio Adaligia (Condominio),[1] desde el 4 de marzo de 2022 hasta el 24 de octubre de 2023. Alegó que, entre los meses de abril y mayo de 2022, el personal contratado por el Consejo de Titulares causó daños a los aleros del edificio, provocando filtraciones en su apartamento.

---

[1] El Condominio Adaligia es un complejo residencial localizado en la Avenida Ashford del Municipio de San Juan.

En síntesis, adujo que se comunicó en varias ocasiones con el Consejo de Titulares para que atendiera el asunto, pero no recibió respuesta. Posteriormente, arguyó que solicitó una cotización para la reparación de los elementos comunes que estaban ocasionando las filtraciones a su propiedad, y, el 21 de abril de 2022, remitió la misma al Consejo. Indicó que, ante la inacción del Consejo, se vio obligada a sufragar las reparaciones con su dinero.[2]

Además, sostuvo que, el 23 de mayo de 2022, le envió una carta al Consejo de Titulares notificando que las reparaciones habían culminado y solicitando el pago de $29,500.00 por los gastos incurridos. Ese mismo día, la Presidenta de la Junta de Directores le notificó a JJJ que el Consejo de Titulares estaba en proceso de identificar la partida pertinente a la reparación de daños correspondientes al Consejo para hacerle un cheque por los gastos sufragados. No obstante, tras no recibir el dinero ni respuesta de seguimiento, JJJ envió varias misivas requiriendo el cobro de los gastos mencionados.[3]

---

[2] Entre los trabajos realizados por *Guzmán All Metal*, la compañía encargada de las reparaciones, JJJ alegó que se incluyó el sellado de todo el techo del Condominio, la fabricación de anclajes para la instalación de una guindola, la demolición y disposición de los escombros de la obra, la reparación de los hormigones agrietados, la reparación y acondicionamiento de todos los elementos metálicos estructurales, la fabricación de un marco en acero galvanizado como soporte para el recubrimiento de las paredes de exterior, y el empañetado y pintura de todas las paredes preparadas conforme a los mismos colores del Condominio.

[3] Según surge de los hechos alegados en la *Demanda*, JJJ envió cartas interrumpiendo el término prescriptivo de su causa de acción el 22 de agosto de 2022, el 16 de septiembre de 2022, el 27 de octubre de 2022, y el 10 de julio de 2023.

Finalmente, el 24 de octubre de 2023, JJJ vendió su apartamento en el Condominio.

Así las cosas, el 24 de abril de 2024, el Consejo de Titulares presentó una *Solicitud de Desestimación por Falta de Jurisdicción Primaria Sobre la Materia*. En su escrito, el Consejo sostuvo que el Tribunal de Primera Instancia (TPI) debía abstenerse de adjudicar las causas de acción instadas por JJJ. En específico, argumentó que las controversias planteadas versaban sobre alegados actos y omisiones de la Junta de Directores del Consejo de Titulares que, conforme la *Ley de Condominios de Puerto Rico* (Ley de Condominios), Ley Núm. 129 de 16 de agosto de 2020, según enmendada, 31 LPRA sec. 1921 et seq., recaen bajo la jurisdicción primaria exclusiva del DACo. A su vez, adujo que el área donde se realizaron las reparaciones reclamadas por JJJ era de su uso exclusivo y no un área común.

Por su parte, el 17 de mayo de 2024, JJJ se opuso a la solicitud de desestimación, argumentando que la jurisdicción primaria y exclusiva de DACo se limita a titulares de apartamentos sujetos al régimen de propiedad horizontal, por lo que el TPI podía atender el asunto. A saber, razonó que, por razón de haber vendido su apartamento en el Condominio antes de presentar la *Demanda*, no le aplicaba el Art. 65 de la Ley de Condominios, *supra*, o el Reglamento 9386 de 6 de junio de 2022 del DACo,

conocido como el Reglamento de Condominios (Reglamento de Condominios). Además, añadió que los argumentos del Consejo de Titulares eran incongruentes por alegar que los daños reclamados pertenecían a áreas privativas de JJJ, y, a la misma vez, aducir la falta de jurisdicción.

En respuesta, el Consejo de Titulares presentó una *Réplica […]* mediante la cual reiteró que el DACo era el foro con jurisdicción primaria exclusiva sobre la materia ya que, a pesar de que JJJ no era el propietario del apartamento en el Condominio, los daños alegados ocurrieron mientras este era titular. En desacuerdo, JJJ presentó una *Dúplica a Réplica […]* mediante la cual señaló que el Consejo de Titulares repetía los mismos argumentos jurisdiccionales incorrectos, y que el TPI estaba capacitado para interpretar la escritura matriz del Condominio para efectos de determinar si los daños reclamados pertenecían a áreas privativas o comunes.

El 16 de septiembre de 2024, el TPI declaró *ha lugar* la solicitud de desestimación presentada por el Consejo y desestimó, sin perjuicio, la *Demanda* de JJJ con el propósito de dirigirla al DACo. En específico, determinó que, tomando como cierto que el Condominio tenía apartamentos dedicados a uso residencial, y que JJJ era titular de uno de ellos al momento que surgió la causa de acción, el Art. 65 de la Ley de Condominios, *supra*, confería jurisdicción primaria y exclusiva sobre la materia al DACo.

Inconforme, el 16 de octubre de 2024, JJJ presentó un recurso de *Apelación* ante el Tribunal de Apelaciones (TA). Mediante su escrito, impugnó la desestimación del caso por razón de que el DACo poseía la jurisdicción primaria exclusiva para atender su reclamación. A saber, indicó que la jurisdicción primaria exclusiva conferida al DACo por el Art. 65 de la Ley de Condominios, *supra*, estaba condicionada a que se cumplieran dos requisitos: (1) el reclamante tiene que ser un titular del inmueble sometido al régimen de propiedad horizontal; y (2) la reclamación tiene que perseguir la impugnación de una acción u omisión de la Junta de Directores del Consejo de Titulares. Por entender que el caso de epígrafe trata sobre un cobro de dinero y enriquecimiento injusto incoado por una parte que no es miembro del Consejo de Titulares, concluyó que el TPI se extralimitó al extender la jurisdicción primaria exclusiva conferida al DACo por la Ley de Condominios, *supra*. En específico, sostuvo que el hecho de que una parte sea o no titular del inmueble al momento en que surgieron las causas de acción de cobro de dinero y enriquecimiento injusto, no constituye un factor determinante para dirimir si la Asamblea Legislativa le otorgó al DACo jurisdicción primaria exclusiva para atenderlas.

Así, tras eximir al Consejo de Titulares de presentar un *Alegato en Oposición*, el 28 de octubre de 2024, el TA confirmó el dictamen del TPI. El foro apelativo intermedio

concluyó que bastaba con examinar las alegaciones de la *Demanda* para concluir que la causa de acción de JJJ giraba en torno a presuntos actos u omisiones de la Junta de Directores del Condominio. Además, en cuanto a la distinción que hizo JJJ sobre su falta de titularidad al momento en que presentó la *Demanda*, el TA la catalogó como acomodaticia y artificiosa. Por tanto, confirmó que se encontraba ante una reclamación administrativa que debía ventilarse ante el DACo.

Aun en desacuerdo, el 26 de noviembre de 2024, JJJ presentó el recurso de epígrafe y esbozó los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el TA al reconocerle al DACo jurisdicción primaria exclusiva para atender las reclamaciones de la apelante JJJ, a pesar de que al momento de presentarse la demanda la apelante no es miembro del apelado consejo de titulares.
>
> **SEGUNDO ERROR:** Erró el TA al descartar que esta superioridad claramente ha reconocido que, si existen distinciones de causas de acción que el DACo puede atender, y que dicha agencia no tiene jurisdicción primaria exclusiva para atender toda posible causa de acción dimanante de un condominio sometido al régimen de la propiedad horizontal.

Examinado el recurso, el 28 de febrero de 2025, expedimos el auto solicitado, acogido como *certiorari*. Luego de examinar los alegatos presentados por las partes, nos llama la atención la postura del Consejo de Titulares. Por un lado, sostiene que el DACo es el foro con jurisdicción primaria exclusiva para atender las reclamaciones de JJJ, debido a que JJJ era titular en el

Condominio al momento que surgieron las causas de acción. Sin embargo, también arguye que el DACo perdió su jurisdicción sobre el caso, debido a que JJJ carece de legitimación activa para presentar su reclamación al no ser titular en el Condominio actualmente. En otras palabras, la posición del Consejo de Titulares es que JJJ perdió su habilidad de reclamar ante el DACo por no presentar su causa de acción mientras era titular de un apartamento en el Condominio. Así, procedemos a resolver.

## II

### A. Jurisdicción

Sabido es que la jurisdicción es el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. *Greene et als. v. Biase et als.*, 2025 TSPR 83, 215 DPR ___ (2025); *Vázquez et al. v. DACo*, 2025 TSPR 56, 215 DPR ___ (2025); *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). En atención a ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Greene et als. v. Biase et als.*, *supra*; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Por tanto, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos. *Greene et als. v. Biase*

*et als.*, *supra*; *Beltrán Cintrón et al. v. ELA et al.*, *supra*, en la pág. 102. Así, los asuntos jurisdiccionales deben ser resueltos con preferencia, pues una sentencia dictada sin jurisdicción es nula y se considera inexistente. *Greene et als. v. Biase et als.*, *supra*; *Metro Senior v. AFV, supra*, en la pág. 209.

Como regla general, los tribunales de Puerto Rico poseen jurisdicción general y ostentan la autoridad para atender cualquier causa de acción que presente una controversia adjudicable, salvo cuando no tienen jurisdicción sobre la materia. *Vázquez et al. v. DACo*, *supra*. La jurisdicción sobre la materia es la capacidad que tienen los tribunales para atender y resolver una controversia sobre un aspecto legal. Íd. (citando a J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, [s.l.], [Ed. del autor], 2010, pág. 25). Así, al momento de modificar la capacidad adjudicativa de un tribunal, solamente el Estado puede otorgar o privar a un tribunal de jurisdicción sobre determinada materia, mediante legislación a esos efectos. Íd.

En lo pertinente, la doctrina de jurisdicción primaria forma parte de las normas de autolimitación judicial que reconoce nuestro ordenamiento jurídico. Íd. Su propósito es determinar si la facultad inicial de adjudicar y atender una controversia le corresponde a un foro administrativo o judicial. Íd. (citando a D. Fernández Quiñones, *Derecho*

*Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Ed. Forum, 2013, pág. 562). Esta doctrina consiste en dos vertientes: la jurisdicción primaria concurrente y la jurisdicción primaria exclusiva. La primera tiene lugar cuando la ley permite que la reclamación se entienda en la agencia o en el tribunal, pero se cede la primacía al foro administrativo por su pericia sobre el tema en controversia. *Beltrán Cintrón et al. v. ELA et al.*, *supra*, en la pág. 103.

Por su parte, la jurisdicción primaria exclusiva surge cuando la ley expresamente dispone que la agencia será el foro con la autoridad estatutaria para atender el asunto desde su inicio. Íd., en las págs. 103-104. En específico, la jurisdicción primaria exclusiva trata sobre un mandato legislativo, y no de una norma de índole jurisprudencial, mediante el cual se establece que el ente administrativo tendrá jurisdicción sobre determinado tipo de asuntos. *Vázquez et al. v. DACo*, *supra*; *Beltrán Cintrón et al. v. ELA et al.*, *supra*, en las págs. 103-104. Por consiguiente, de presentarse esta situación, los tribunales no ostentan la jurisdicción para atender el caso en primera instancia. *Vázquez et al. v. DACo*, *supra*.

Al evaluar si una agencia administrativa tiene jurisdicción primaria exclusiva sobre un asunto en particular, debemos analizar el poder delegado por la Asamblea Legislativa. Es decir, para efectuar este

análisis, tenemos la indudable tarea de interpretar las leyes habilitadoras, así como cualquier otra ley, tomando en consideración la intención legislativa, y atribuyéndole un sentido que acierte el resultado pretendido por el legislador. *Ayala Hernández v. Consejo de Titulares*, *supra*, en la pág. 561.

### B. Normas de hermenéutica jurídica

Según las normas de hermenéutica jurídica, al momento de interpretar un estatuto, el propósito siempre debe ser el hacer cumplir la intención del legislador. *Zayas Rodríguez y otros v. PRTC*, 195 DPR 720, 733 (2016). Por tanto, al realizar el ejercicio de interpretación debemos atribuir a la ley "un sentido que asegure el resultado que originalmente se quiso obtener". *Rodríguez Figueroa et al. v. Centro de Salud*, 197 DPR 876, 888-889 (2017) (citando a *Méndez et al. v. Alcalde de Aguadilla*, 151 DPR 853, 858-859 (2000)). Esto pues los tribunales "están obligados a respetar la voluntad legislativa, aunque los magistrados discrepen personalmente de la sabiduría de los actos legislativos". R.E. Bernier y J.A. Cuevas Segarra, Aprobación e Interpretación de las Leyes de AC-2023-0073 Puerto Rico, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 180. Es decir, al momento de interpretar un estatuto legal nos debemos de abstener de sustituir el criterio legislativo por nuestros propios conceptos de lo justo, razonable y deseable. Íd.

Ante ello, el propio Artículo 19 del Código Civil dispone que "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". 31 LPRA sec. 5341. En consecuencia, si el texto del estatuto es claro y carece de ambigüedad, la norma es que se interprete al sentido literal de sus palabras.

En lo pertinente a lo que nos concierne, hemos expresado que, al interpretar el alcance de los poderes delegados a una agencia administrativa, no se debe limitar el análisis a una interpretación restrictiva de su estatuto habilitador. *Ayala Hernández v. Consejo de Titulares*, *supra*, en la pág. 561. Es decir, nuestra interpretación estatutaria debe ser cónsona con la intención legislativa, la política pública y el interés social que inspira la medida. Íd., en las págs. 561-562. Esto así, ya que, las agencias solo pueden realizar las funciones encomendadas legislativamente, las que surgen de su actividad o encomienda principal, y las que sean indispensables para llevar a cabo sus deberes y responsabilidades. *Amieiro González v. Pinnacle Real Estate*, 173 DPR 363, 371 (2008).

**C. Ley de Condominios y Reglamento de Condominios**

Desde mediados del siglo XX, la fuente primaria del régimen de propiedad horizontal fue la Ley Núm. 104 de 23 de junio de 1958, según enmendada, conocida como "Ley de Condominios", por lo que sus disposiciones eran mandatorias

y no supletorias. *Condominio First Federal v. LSREF2*, 202 DPR 934, 940 (2019). Con la aprobación de la ahora vigente Ley de Condominios, *supra*, la Asamblea Legislativa ratificó la política pública de establecer un régimen jurídico que facilite la vida en convivencia en los condominios y propicie la disponibilidad de viviendas en un área restringida de terreno. Exposición De Motivos de la Ley de Condominios, *supra*. Por su parte, con el Reglamento de Condominios, *supra*, el DACo procuró proteger a los titulares de apartamentos sometidos al Régimen de Propiedad Horizontal y reconocer el derecho de estos al pleno disfrute de su propiedad y de las áreas comunes. Regla 3 del Reglamento de Condominios, *supra*.

En materia de impugnación de acciones u omisiones de la Junta de Directores y los acuerdos del Consejo de Titulares de un condominio, el Art. 65 de la Ley de Condominios, *supra*, establece lo siguiente:

> Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares **podrán ser impugnados por los titulares** en los siguientes supuestos:
>
> a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
>
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados

exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor**, así como cualquier reclamación presentada en contra del agente administrador.

31 LPRA sec. 1923j. (Énfasis suplido).

A su vez, la Regla 23 del Reglamento de Condominios, *supra*, regula la jurisdicción del DACo sobre las reclamaciones que surjan a raíz de las acciones u omisiones de la Junta de Directores, así como los acuerdos del Consejo de Titulares, disponiendo que:

I.   Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Síndico, así como los acuerdos del Consejo de Titulares **podrán ser impugnados ante el Departamento por los titulares** en los siguientes supuestos:

(a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.

(b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.

(c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

El Agente Administrador será responsable por cualquier determinación, actuación u omisión del Asistente Administrador.

II.  El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera

> Instancia. Igualmente quedarán excluidas de la jurisdicción del DACO, las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.

> (Énfasis suplido).

Al momento de presentar sus querellas, la Regla 25 del referido Reglamento enumera la información requerida por el DACo. A saber, la regla exige que los titulares que interesen impugnar cualquier determinación, acción u omisión, o acuerdo del Consejo de Titulares, **incluyan la escritura pública o copia del documento fehaciente que acredite su titularidad**, entre otros. Regla 25 del Reglamento de Condominios, *supra*.

En cuanto al alcance de este Reglamento, el cual fue promulgado al amparo de los poderes conferidos al DACo, la agencia expresamente dispone que será aplicable a las **impugnaciones y acciones presentadas por los titulares de apartamentos en condominios en los que exista por lo menos un apartamento dedicado a vivienda**, contra los acuerdos del Consejo de Titulares y las determinaciones, acciones u omisiones del Director, Junta de Directores, y otros oficiales. Regla 2 del Reglamento de Condominios, *supra*. Así, al igual que en la Ley de Condominios, *supra*, el Reglamento de Condominios, *supra*, **define el término "*titular*" como "todo aquel propietario que tenga derecho a su apartamento y a una participación con los demás titulares en los elementos comunes de un inmueble sometido**

**al régimen de propiedad horizontal**". 31 LPRA sec. 1921b(z); Regla 5(GG) del Reglamento de Condominios, *supra*.

Jurisprudencialmente, al evaluar la jurisdicción exclusiva que pudiese tener el DACo en determinadas circunstancias, hemos expresado que, aunque el DACo es la agencia a través de la cual se canaliza la solución de los problemas que puedan suscitarse en la vida comunitaria de un edificio acogido al régimen de propiedad horizontal, la jurisdicción exclusiva conferida al DACo no se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen de propiedad horizontal. *Consejo Cond. Plaza del Mar v. Jetter*, 169 DPR 643, 661-662 (2006).

En específico, el DACo tiene jurisdicción exclusiva para dirimir las controversias suscitadas por acciones u omisiones de la Junta de un condominio y sobre los actos que no sean de índole voluntaria o que trasciendan los intereses personales y privados de los titulares o de los condominios. Íd. A saber, este desarrollo surgió como una medida para proveer un foro administrativo ante el cual los titulares de un condominio pudiesen ventilar sus querellas, puesto que, previo a ello, la ausencia de este foro había desalentado la compra de inmuebles sometidos al régimen de propiedad horizontal, y el recurso judicial resultaba muy oneroso para estos titutales. Íd., en la pág. 662.

Al resolver el caso *Consejo Cond. Plaza del Mar v. Jetter*, *supra*, concluimos que el DACo no poseía

jurisdicción sobre una reclamación presentada por un Consejo de Titulares contra exdirectores de su Junta, "independientemente de que la conducta alegada haya ocurrido mientras los demandados actuaban como miembros de la Junta de Directores." Íd., en la pág. 669. En esa ocasión, acentuamos la importancia de circunscribirnos a la letra de la ley al momento de dirimir la jurisdicción exclusiva del DACo en materia de Ley de Condominios, al esbozar que:

> La falta de jurisdicción del DACO se circunscribe a que el Consejo de Titulares le reclama a un grupo de titulares, ex miembros de una antigua Junta de Directores, en su carácter personal, por sus actuaciones u omisiones negligentes mientras ocuparon sus puestos directivos. **Dicho supuesto no se encuentra estatuido dentro de los artículos que le confieren jurisdicción exclusiva al DACO, por lo cual, resolver lo contrario sería decretar la carencia de jurisdicción de los tribunales sin que el legislador haya decretado la misma mediante lenguaje claro y sin ambages.**
>
> Íd., en las págs. 670-671. (Énfasis suplido).

Por su parte, en *Vázquez et al. v. DACo*, *supra*, realizamos un análisis de la Ley de Condominios, *supra*, y **concluimos que la Asamblea Legislativa le confirió jurisdicción primaria exclusiva al DACo "únicamente para atender las querellas presentadas por los titulares de condominios residenciales en contra de la Junta de Directores, el Agente Administrador o el Consejo de Titulares,** según lo dispuesto por la Ley."

**III**

En el recurso ante nuestra consideración, nos corresponde determinar cuál es el foro que ostenta la jurisdicción para atender una causa de acción sobre cobro de dinero y enriquecimiento injusto contra el Consejo de Titulares, por hechos acaecidos mientras JJJ era titular en el Condominio, pero cuya reclamación se presentó luego de JJJ haber vendido su apartamento.

La parte peticionaria sostiene que el foro apelativo intermedio erró al reconocerle al DACo jurisdicción primaria exclusiva para atender su reclamación, a pesar de que ya no es titular en el Condominio. Además, argumentó que la jurisdicción primaria exclusiva conferida al DACo por el Art. 65 de la Ley de Condominios, *supra*, está condicionada a que el reclamante sea titular del inmueble sometido al régimen de propiedad horizontal, y que se persiga la impugnación de una acción u omisión de la Junta de Directores o de un acuerdo del Consejo de Titulares. De esta manera, JJJ concluyó que, al no ser titular en el Condominio al momento de presentar su *Demanda*, el DACo no tiene jurisdicción primaria exclusiva sobre el asunto. Por consiguiente, nos solicitó que revocáramos el dictamen emitido por el TA, y ordenáramos la continuación de los procedimientos ante el TPI. **Adelantamos que somos del criterio que le asiste la razón.**

Por su parte, el Consejo de Titulares, mediante argumentos irreconciliables entre sí, aduce en su alegato

que JJJ no tiene remedio disponible para reclamar el cobro de dinero en controversia.  Primero arguye que, conforme el Art. 65 de la Ley de Condominios, *supra*, el foro que ostenta la jurisdicción primaria exclusiva para atender el asunto es el DACo, debido a que los hechos de los cual emana la causa de acción surgieron cuando JJJ era titular en el Condominio.  A su vez, sostiene que JJJ perdió la legitimación activa para presentar su petitorio ante el DACo, debido a que vendió su apartamento y no presentó su reclamo cuando era titular.  En otras palabras, el Consejo utiliza el elemento de titularidad que surge de la letra del Art. 65 de la Ley de Condominios, *supra*, y del Reglamento de Condominios, *supra*, para argumentar que el DACo tiene y, a la misma vez, no tiene la jurisdicción sobre la controversia ante nos.  Esta postura es desacertada.

En el caso de autos, no hay controversia respecto a la titularidad de JJJ en el Condominio, al momento en que surgió la causa de acción de cobro de dinero y enriquecimiento injusto, ni en cuanto a su falta de titularidad cuando presentó su reclamo ante el TPI. Tampoco hay controversia sobre el Art. 65 de la Ley de Condominios, *supra*, como el estatuto que determina la jurisdicción primaria exclusiva del DACo, más sí la hay en lo pertinente a su extensión.  Esto así, puesto que, ambos foros inferiores desestimaron la *Demanda* de epígrafe tras

declararse sin jurisdicción, al amparo del referido estatuto.

Sin embargo, debido a que JJJ no es titular en el Condominio, somos del criterio que el DACo no tiene jurisdicción primaria exclusiva sobre el asunto ante nuestra consideración. **El Art. 65 de la Ley de Condominios**, *supra*, **claramente establece que en los casos donde "<u>los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor</u>".** 31 LPRA sec. 1923j. Así, este texto no implica que una parte, que no sea titular, no pueda solicitar remedios por acciones u omisiones del Consejo de Titulares, sino que le impide reclamar utilizando el estatuto como base jurisdiccional para su acción.[4] De igual manera, este mismo año interpretamos la Ley de Condominios, *supra*, y expresamos que la jurisdicción primaria exclusiva conferida al DACo se limita "**únicamente para atender las querellas presentadas por los titulares de condominios residenciales en contra de la Junta de Directores, el Agente Administrador o el Consejo de Titulares**". *Vázquez et al. v. DACo*, *supra*.

Por tanto, debido a que JJJ vendió su apartamento y ya no es titular en el Condominio, es improcedente que su

---

[4] Véase, M. Godreau Robles y M. Hernández Gutiérrez, *El Condominio: el Régimen de Propiedad Horizontal en Puerto Rico*, 3ra ed., Ediciones SITUM, 2023, pág. 301.

reclamación sea atendida al amparo del Art. 65 de la Ley de Condominios, *supra*. Cónsono con la postura esbozada por el Consejo de Titulares en su alegato, si JJJ hubiese presentado su reclamación ante el DACo, en lugar del TPI, la agencia estaría impedida de atenderla por falta de jurisdicción. La ley es clara a los efectos de que el DACo tiene la jurisdicción para adjudicar reclamaciones instadas por titulares del régimen de propiedad horizontal. Entrar en los méritos de una reclamación instada por un extitular contra el Consejo constituye una acción *ultra vires* de su faz.

A través de su análisis, los foros inferiores llegaron a la conclusión errada de que, como los hechos que motivaron la *Demanda* de epígrafe surgieron mientras JJJ era titular en el Condominio, la parte peticionaria debía considerarse "titular" para efectos de la jurisdicción primaria exclusiva conferida al DACo por el Art. 65 de la Ley de Condominios, *supra*. De este modo, ignoraron que la jurisdicción exclusiva no solo depende del contexto fáctico en que surge la controversia, sino también de que el promovente de la acción ostente la condición de sujeto protegido y legitimado conforme a la Ley de Condominios, *supra*, a saber, ser titular de un apartamento sometido al régimen de propiedad horizontal. Así, el ejercicio de interpretación estatutaria realizado por los foros inferiores se extralimitó al sustituir el criterio

legislativo que dio vida a la Ley de Condominios, *supra*, por el propio.

En la Exposición de Motivos de la referida ley, la Asamblea Legislativa reiteró que su propósito es establecer un régimen jurídico que facilite la vida en convivencia en los condominios. Por su parte, el DACo indicó que el propósito del Reglamento de Condominios, *supra*, es proteger a los titulares sometidos al régimen de propiedad horizontal y reconocer el derecho de éstos al pleno disfrute de su apartamento y áreas comunes. Regla 3 del Reglamento de Condominios, *supra*. Cónsono con el propósito de ambos cuerpos estatutarios, **estos expresamente disponen que la jurisdicción primaria y exclusiva del DACo está sujeta a que se impugnen acciones u omisiones de la Junta de Directores o acuerdos del Consejo de Titulares, y a que el reclamante sea titular en el condominio**. Es decir, la vía administrativa ante el DACo existe como mecanismo para quienes actualmente forman parte del régimen de propiedad horizontal, y la titularidad es la fuente de derecho para impugnar o reclamar dentro de este.

Siendo el texto de ambos estatutos claro y libre de ambigüedad, confirmar la determinación recurrida extendería, por *fiat judicial*, la jurisdicción primaria exclusiva conferida al DACo por el Art. 65 de la Ley de Condominios, *supra*, a impugnaciones realizadas por partes que no sean titulares del régimen de propiedad horizontal.

Esta interpretación extensiva sobre la jurisdicción exclusiva del DACo se apartaría de las normas de interpretación elementales sobre delegación de poderes a las agencias administrativas, ya que estaríamos despojando a los foros judiciales de su autoridad para atender controversias en primera instancia, sin mandato legislativo expreso a esos efectos. Una restricción de esa magnitud no puede presumirse ni inferirse, sino que solamente procede cuando la ley la establece de manera clara, expresa e inequívoca.

Así pues, al momento de cumplir nuestra tarea inherente de interpretar si una agencia administrativa tiene jurisdicción primaria exclusiva sobre un asunto en particular, debemos tener presente la norma de hacer cumplir la intención del legislador. *Ayala Hernández v. Consejo de Titulares*, *supra*, en la pág. 561. Por tanto, cuando la letra de la ley es clara, como en el caso del Art. 65 de la Ley de Condominios, *supra*, no hay espacio para usurpar la función legislativa de nuestros legisladores y ampliar el alcance de la misma.

En vista a lo anterior, erró el Tribunal de Apelaciones al confirmar el dictamen del TPI y declararse sin jurisdicción para atender los reclamos de la parte peticionaria por considerar que el DACo tenía jurisdicción primaria exclusiva sobre el asunto, al amparo del Art. 65 de la Ley de Condominios, *supra*. Así las cosas, es menester

que devolvamos el caso de epígrafe al TPI para que ejerza su función adjudicativa y atienda el caso en sus méritos.

**IV**

Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Apelaciones y se ordena la continuación de los procedimientos ante el Tribunal de Primera Instancia para que atienda el asunto en sus méritos.

Se dictará Sentencia de conformidad.


Raúl A. Candelario López
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| JJJ Adventure, LLC<br>Peticionario<br><br>v.<br><br>Consejo de Titulares del<br>Condominio Adaligia;<br>Aseguradora X<br>Recurrido | AC-2024-0111 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de noviembre de 2025.

Por los fundamentos expuestos en la Opinión que antecede, los cuales se hacen formar parte de esta Sentencia, se revoca la sentencia emitida por el Tribunal de Apelaciones y se ordena la continuación de los procedimientos ante el Tribunal de Primera Instancia para que atienda el asunto en sus méritos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emite una Opinión de Conformidad. La Jueza Presidenta Oronoz Rodríguez emite una Opinión Disidente, a la cual se le une el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

JJJ Adventure, LLC

    Peticionario

       v.

                      AC-2024-0111

Consejo de Titulares del
Condominio Adaligia;
Aseguradora X

    Recurrido

Opinión de conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 25 de noviembre de 2025.

Estoy conforme con la determinación del Tribunal. Según hemos expresado en ocasiones anteriores, la jurisdicción exclusiva conferida al Departamento de Asuntos del Consumidor (DACo) en virtud de la Ley de Condominios, _infra_, no se extiende a toda causa de acción que emane de un inmueble sometido al Régimen de Propiedad Horizontal. En controversias como la de autos, la titularidad no es un mero dato; es la condición estatutaria que activa el derecho a impugnar por la vía administrativa y, a su vez, limita la jurisdicción exclusiva del DACo.

Como bien lo plantea la Opinión mayoritaria es completamente improcedente extender el alcance de la

jurisdicción estatutaria a quienes ya no forman parte del régimen de propiedad horizontal. Una lectura integral de la Ley de Condominios, _infra_, revela que los mecanismos de impugnación administrativa creados por la Asamblea Legislativa están dirigidos exclusivamente a proteger los derechos de los titulares actuales. Como corolario, cuando un extitular presenta una querella ante el DACo en contra del Consejo de Titulares, no existe entre las partes un vínculo jurídico susceptible de ser canalizado mediante la jurisdicción exclusiva de la agencia.

Concluir lo contrario, tal y como propone la disidencia, conlleva pasar por alto que en estos casos la jurisdicción exclusiva no depende únicamente de la causa de acción invocada, sino también de la condición jurídica del reclamante. Ello da al traste con el texto de la ley e incluso con la política pública subyacente.

La premisa en que se basa la Opinión disidente parece obviar que, en su fondo, las controversias sobre jurisdicción exclusiva requieren no solo que determinemos la facultad de un organismo administrativo, sino que limitemos la jurisdicción general de los tribunales. Avalar ese desenlace, sin que esa limitación surja del texto legislativo sentaría un mal precedente. En lugar de preservar la intención legislativa, la contradice.

I

Debido a que la Opinión mayoritaria recoge adecuadamente los hechos del caso, me limitaré a destacar los elementos fácticos que estimo esenciales para contextualizar mi

criterio. En esencia, en marzo de 2022 JJJ Adventure, LLC adquirió un apartamento en el Condominio Adaligia. Posteriormente, en octubre de 2023 vendió el apartamento. En diciembre de ese mismo año presentó una demanda por cobro de dinero y enriquecimiento injusto por alegadamente haber asumido unos gastos de reparación, mientras aún era titular, que correspondían al Consejo de Titulares.

El Tribunal de Primera Instancia desestimó la demanda tras concluir que el DACo tenía la jurisdicción exclusiva sobre el asunto, porque los hechos se originaron mientras JJJ Adventure era titular del Condominio Adaligia. El Tribunal de Apelaciones confirmó esa determinación.

II

**A. *Jurisdicción primaria y jurisdicción exclusiva***

En materia de Derecho Administrativo, la doctrina judicial ha delineado una distinción clara entre los conceptos de jurisdicción primaria y jurisdicción exclusiva. Por un lado, la jurisdicción primaria se da cuando coexiste competencia entre el foro judicial y la agencia administrativa para atender determinado asunto. Beltrán Cintrón *et al*. v. ELA *et al.,* 204 DPR 89, 103 (2020); SLG Semidey Vázquez v. ASIFAL, 177 DPR 657, 676 (2009). En estos supuestos, aunque existe autoridad concurrente, se designa a la agencia para que sea quien atienda en primera instancia la controversia. "La verdadera jurisdicción primaria ocurre tan solo cuando existe jurisdicción concurrente entre el proceso administrativo y el sistema judicial". First Fed. Savs. v. Asoc. de Condómines,

114 DPR 426, 432 (1983), citando a Ferrer Rodríguez v. Figueroa, 109 DPR 398, 402 (1980). "[L]a doctrina opera para determinar qué organismo, si el judicial o el administrativo, debe hacer la determinación inicial del asunto y se aplica específicamente cuando la situación presenta cuestiones de hecho que requieren el ejercicio de la discreción administrativa […]". Íd., citando a E.L.A. v. 12,974.78 Metros Cuadrados, 90 DPR 506, 511 (1964).

Por el contrario, en los supuestos de jurisdicción exclusiva, la Asamblea Legislativa le confiere expresamente a la agencia la autoridad estatutaria para atender el asunto desde su inicio. Beltrán Cintrón *et al*. v. ELA *et al*., supra, págs. 103-104. "Se trata, pues, de un mandato legislativo —y no de una norma de índole jurisprudencial— *a través del cual se establece que el ente administrativo tendrá jurisdicción sobre determinado tipo de asuntos, por lo que en esos casos los tribunales no cuentan con autoridad para atender las reclamaciones en primera instancia*". (Énfasis en el original). Íd. Véase, además, Báez Rodríguez et al. v. E.L.A., 179 DPR 231, 240-241 (2010). Aunque frecuentemente se suele utilizar el término jurisdicción primaria exclusiva, en realidad en estos casos no aplica la doctrina de jurisdicción primaria. Así lo explica el Prof. Demetrio Fernández Quiñones, quien subraya que "[s]i la ley orgánica de la agencia administrativa le confiere expresamente la jurisdicción al ente administrativo, se trata de una jurisdicción exclusiva por vía de estatuto, y no es necesario considerar la aplicación de la

doctrina de jurisdicción primaria". D. Fernández Quiñones, *Derecho Administrativo y la Ley de Procedimiento Administrativo Uniforme*, 3era ed., Bogotá, Ed. Forum, 2001, pág. 574. Véase, además, Rovira Palés v. P.R. Telephone Co., 96 DPR 47 (1968).

### B. Jurisdicción exclusiva del DACo al amparo de la Ley de Condominios de Puerto Rico

Uno de los escenarios en los cuales la Asamblea Legislativa le ha conferido jurisdicción exclusiva a una agencia es precisamente el contemplado en el marco de la Ley Núm. 129-2020, según enmendada, conocida como la Ley de Condominios de Puerto Rico, 31 LPRA sec. 1921 *et seq*.

Los Arts. 65 y 66 del estatuto delimitan la jurisdicción exclusiva del DACo para ventilar querellas administrativas derivadas de los conflictos internos en la administración del régimen. Arts. 65-66 de la Ley Núm. 129-2020, 31 LPRA secs. 1923j-1923k.

Según el Art. 65 de la Ley de Condominios, supra, "las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador, Síndico, así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares" en los supuestos que siguen:

> (a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
>
> (b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
>
> (c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra. El Agente Administrador será responsable

para cualquier determinación, actuación u omisión del Asistente Administrador.

En lo medular al asunto jurisdiccional, el Art. 65, <u>supra</u>, dispone que "[e]n el caso **de los titulares [que] sean dueños de apartamentos en condominios** con al menos un apartamento de uso residencial, **la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor**, así como cualquier reclamación presentada en contra del agente administrador". (Negrillas suplidas). <u>Íd</u>.

El concepto de la jurisdicción exclusiva del DACo en controversias de esta índole no es nuevo; su origen se remonta a la Ley de Propiedad Horizonatal de 1976, Ley Núm. 157 de 4 de junio de 1976, 31 LPRA ant seq. 1291. El análisis histórico sugiere que la designación de un "foro administrativo ante el cual los titulares de un condominio pueden acudir a plantear y ventilar sus querellas, fue de gran trascendencia, pues previo a su creación, la ausencia de un foro administrativo había desalentado la compra de apartamientos en inmuebles sometidos al régimen de propiedad horizontal". <u>Consejo Cond. Plaza del Mar v. Jetter</u>, 169 DPR 643, 662 (2006). Véase, además, Exposición de Motivos de la Ley Núm. 157 de 4 de junio de 1976.

Antes, los titulares de apartamentos destinados a vivienda carecían de un foro adecuado para impugnar decisiones, omisiones o actuaciones del Consejo o de la Administración que les perjudicaran o que contravinieran las disposiciones de la Ley. <u>Consejo Cond. Plaza del Mar v. Jetter</u>, <u>supra</u>, pág. 662. El recurso judicial, en la mayoría de los casos, resultaba muy oneroso para quienes residían en unidades

de uso residencial. Véase, F. Hernández Denton, *La Ley de Propiedad Horizontal—Un análisis de las enmiendas del 1976*, 44 (Núm. 2) Rev. C. Abo. P.R. 257, 264 (1983).

Con ello en mente, la Asamblea Legislativa habilitó una vía administrativa ante el DACo como foro exclusivo para atender determinadas controversias bajo el régimen de propiedad horizontal. No obstante, **"la jurisdicción exclusiva conferida al DACo no se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen de la propiedad horizontal"**. (Negrillas suplidas). Consejo Cond. Plaza del Mar v. Jetter, supra, pág. 662.

Así, por ejemplo, la Ley de Condominios no le otorgó jurisdicción al DACo para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. Véase, Reglamento Núm. 9386, Reglamento de Condominios, Departamento de Asuntos del Consumidor, 6 de junio de 2022, pág. 19. (Reglamento Núm. 9386). En estos casos la jurisdicción corresponde al Tribunal de Primera Instancia. Íd. Igualmente, las querellas entre titulares están excluidas de la jurisdicción del DACo. Tampoco DACo tiene jurisdicción para atender una reclamación del Consejo de Titulares, el Director o la Junta de Directores contra uno o varios titulares o residentes del condominio. Íd. La jurisdicción para ventilar estas acciones corresponde al Tribunal de Primera Instancia.

En lo pertinente, la Ley de Condominios define expresamente la figura del titular o condómino como "todo aquel propietario que tenga derecho a su apartamento y a una participación con

los demás titulares en los elementos comunes de un inmueble sometido al Régimen de Propiedad Horizontal". Art. 3 de la Ley Núm. 129-2020, 31 LPRA sec. 1921b.

Cuando la ley confiere jurisdicción exclusiva a la agencia, como en el caso del DACo, para ciertas controversias entre titulares actuales, esa jurisdicción no puede extenderse a supuestos no contemplados por el legislador. Véanse, Consejo Cond. Plaza del Mar v. Jetter, supra, pág. 671 (2022); First Fed. Savs. v. Asoc. de Condómines, supra, pág. 432 (1983). La jurisprudencia ha sido consistente en que la designación de jurisdicción exclusiva debe ser clara y precisa. Beltrán Cintrón et al. v. ELA et al., supra, pág. 104. Por lo tanto, para determinar si la jurisdicción de la agencia es exclusiva hay que evaluar si así lo dispone expresamente la ley o si surge por implicación necesaria. Íd.

En el caso Consejo Cond. Plaza del Mar v. Jetter, supra, resolvimos que el DACo no posee jurisdicción sobre reclamaciones presentadas por el Consejo de Titulares contra exdirectores, aun cuando los actos reclamados ocurrieron durante la incumbencia de estos. El fundamento normativo se basó en que al momento de presentar la reclamación los demandados ya no ejercían cargos directivos, por lo que se trataba de una controversia entre particulares, es decir, entre titulares. Así, enfatizamos que lo determinante no es el origen de la controversia, sino la condición jurídica de las partes al momento de presentarse la querella. En concreto, razonamos:

En este caso, la reclamación se presentó luego de culminada la incumbencia de los ex directores demandados, *por lo cual constituye una reclamación entre* titulares sobre la cual DACO no posee jurisdicción exclusiva, **independientemente de que la conducta alegada haya ocurrido mientras los demandados actuaban como miembros de la Junta de Directores**. Tanto la Ley de la Propiedad Horizontal de 1976 como su versión enmendada en 2003, son claras al disponer que DACO posee jurisdicción exclusiva sobre las reclamaciones que presenten los titulares para impugnar las determinaciones, actuaciones u omisiones de la Junta de Directores. (Negrillas suplidas). <u>Consejo Cond. Plaza del Mar v. Jetter</u>, <u>supra</u>, págs. 670-671.

Mediante ese precedente reafirmamos que la jurisdicción exclusiva de una agencia no puede extenderse más allá de lo que el texto de la ley autoriza, pues toda ampliación interpretativa, por mínima que parezca, tiene el efecto directo de privar al Tribunal de su jurisdicción general en ausencia de un mandato legislativo inequívoco.

### C. Reglamento de Condominios

Por otra parte, actualmente el Reglamento Núm. 9386, <u>supra</u>, delimita el alcance estatutario de la jurisdicción del DACo. Respecto a su ámbito de aplicación, la Regla Núm. 2 indica que este solo aplicará a condominios con al menos una unidad residencial y que "[a]plicará también a las impugnaciones y acciones presentadas por los titulares de apartamentos en condominios en los que exista por lo menos un apartamento dedicado a vivienda, contra los acuerdos del Consejo de Titulares […]". Asimismo, según la Regla Núm. 3, el propósito del Reglamento 9386, <u>supra</u>, "es proteger a los titulares de apartamentos sometidos al Régimen de Propiedad Horizontal y reconocer el derecho de estos al pleno disfrute

de su apartamento y de las áreas comunes, siempre que con ello no se menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades". Íd.

En lo medular, la Regla Núm. 25 establece los requisitos formales para presentar querellas. Así, expresa que "las querellas que se presenten ante este Departamento deberán cumplir con los criterios del Reglamento de Procedimientos Adjudicativos vigente". A la par, indica que el titular que interese impugnar cualquier determinación o acuerdo del Consejo de Titulares, como parte de su querella, deberá incluir la información siguiente:

> (1) Nombre, dirección física y postal, correo electrónico y números de teléfono del titular o titulares reclamantes.
> (2) […]
> **(7) Escritura pública o copia del documento fehaciente que acredite su titularidad** […]. (Negrillas suplidas).

Finalmente, debe notarse que la Regla Núm. 27 enuncia que "el incumplimiento por parte del titular o grupo de titulares de cualquiera de los requisitos establecidos en la Ley o este Reglamento, facultarán al Secretario a disponer sumariamente el archivo de la querella presentada". Reglamento Núm. 9386, supra, pág. 21. En consecuencia, la jurisdicción exclusiva que se le otorga al DACo no es absoluta ni general. Solo puede ejercerse dentro de los márgenes expresamente definidos por el legislador. Reglamento Núm. 9386, supra.

                                   III

La Opinión disidente parte de una premisa incompatible con el diseño legislativo de la Ley de Condominios. Recuérdese

que no se trata aquí de la jurisdicción general del DACo para atender reclamaciones de consumidores. **Más bien, la controversia gira en torno a la jurisdicción exclusiva de la agencia, lo cual, implica privar al foro judicial de atender el caso en primera instancia.** Por tratarse de una excepción al principio de jurisdicción general de los tribunales, esa delegación de poder a la agencia debe interpretarse restrictivamente y no extenderse más allá de lo expresamente establecido en la ley.

Con ello en mente, no es correcto reducir el análisis de la jurisdicción exclusiva del DACo a un mero factor temporal vinculado al nacimiento de la causa de acción. Ese enfoque omite que dicha jurisdicción exclusiva no solo depende del contexto fáctico en que surge la controversia, sino también de que quien acude al remedio posea la cualidad de titular que el legislador reconoció como único sujeto legitimado para cuestionar los acuerdos del Consejo de Titulares. A esos efectos, la ley dispone expresamente que "los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares". Art. 65 de la Ley Núm. 129-2020, supra. Del mismo modo, la Regla Núm. 27 del Reglamento Núm. 9386, requiere del reclamante presentar copia de la Escritura Pública o documento fehaciente que acredite su titularidad, como parte de su querella.

La prueba de titularidad en las acciones de impugnación de la Ley de Condominios reviste tal importancia que se exige incluirla junto con la querella so pena de desestimación sumaria. Esto tiene una razón de ser. En controversias como la de autos, los sujetos de derecho son únicamente aquellos que

la ley define de manera expresa; en este caso: "todo aquel propietario que tenga derecho a su apartamento y a una participación con los demás titulares en los elementos comunes de un inmueble sometido al Régimen de Propiedad Horizontal". Art. 3 de la Ley Núm. 129-2020, supra. No basta, pues, con demostrar que la controversia se originó mientras el reclamante era titular del condominio.

Como bien expresa la Opinión mayoritaria, la vía administrativa ante el DACo es un mecanismo diseñado para la protección de quienes ostentan derechos propietarios en el régimen comunal. Este mecanismo no se extiende ni siquiera a las reclamaciones que puedan tener los titulares entre sí. La acción debe ser promovida por un titular y dirigida contra la Junta o el Consejo, mas no de manera recíproca entre los propios comuneros. La jurisdicción exclusiva tampoco se extiende a las reclamaciones que pueda tener el Consejo de Titulares en contra de algún titular. En esos supuestos, el foro competente es el Tribunal de Primera Instancia. **En fin, la titularidad no es un mero dato, sino la fuente del derecho para impugnar o reclamar dentro del régimen de propiedad horizontal.** En este caso, la ausencia de legitimación activa neutraliza la premisa misma que justificaría privar al foro judicial de intervenir en primera instancia.

El error interpretativo en el que, a mi juicio, incurre la disidencia se hace evidente si lo trasladamos al contexto típico de una Asamblea del Consejo de Titulares. Supóngase que el Consejo adopta una determinación sobre la administración del condominio y, poco tiempo después, un propietario vende su

apartamento. Sería absurdo sostener que esa persona, ya sin vínculo jurídico con el régimen comunal, conserva facultad para impugnar la determinación por el mero hecho de que era titular cuando esta se tomó. Si ya no es titular, la decisión no le incumbe ni le afecta jurídicamente.

No podemos perder de perspectiva que la vía administrativa se diseñó como un canal informal y expedito para facilitar la resolución de controversias sobre administración interna que afecten la convivencia y el pleno ejercicio del derecho propietario de los condóminos. Extender su disponibilidad a reclamaciones de terceros derrotaría ese propósito.

No podemos despojar a los tribunales de su autoridad para atender una controversia en primera instancia sin mandato legislativo claro e inequívoco. Cualquier interpretación que permita acceso a la vía administrativa a personas sin vínculo jurídico actual dentro del régimen propietario implicaría extender por vía interpretativa una jurisdicción exclusiva que la ley no confirió. Rechazamos de plano esa interpretación porque es jurídicamente improcedente.

Por todo lo anterior, estoy conforme con la Opinión mayoritaria.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

JJJ Adventure, LLC

    Peticionario

      v.                    AC-2024-0111

Consejo de Titulares del Condominio Adaligia; Aseguradora X

    Recurrido

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió una Opinión disidente a la cual se unen el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico a 25 de noviembre de 2025.

Hoy, una mayoría de este Tribunal emplea un análisis textualista y excesivamente restrictivo sobre la jurisdicción del Departamento de Asuntos del Consumidor (DACo) para atender controversias que surgen en el contexto de un edificio sometido al régimen de propiedad horizontal. En esencia, entendió que, si una persona ya no es titular en el condominio al momento de instar una reclamación, es improcedente que esta se atienda al amparo del Artículo 65 de la Ley de Condominios, *infra*, aun cuando la causa de acción haya surgido mientras la parte era titular. Esta determinación atenta contra el propósito por el cual se creó la ley habilitadora del DACo como una

agencia con el *expertise* necesario para canalizar los problemas que puedan surgir en el contexto del régimen de propiedad horizontal.

Por entender que la jurisdicción del foro correspondiente no debe depender de la condición actual de la parte reclamante, sino de la condición que ostentaba al momento en que ocurrieron los hechos que originaron la causa de acción, respetuosamente disiento de la *Opinión* que se emite hoy. Hubiese confirmado los dictámenes recurridos.

## I

El 20 de diciembre de 2023 JJJ Adventure, LLC (JJJ Adventure) presentó una *Demanda* sobre cobro de dinero ordinario y enriquecimiento injusto contra el Consejo de Titulares (Consejo) del Condominio Adaligia (Condominio) ante el Tribunal de Primera Instancia. Adujo que el 4 de marzo de 2022 adquirió un apartamento en el Condominio y que, posteriormente, durante abril y mayo de 2022, el personal contratado por el Consejo le ocasionó daños a la estructura. Específicamente, alegó que afectaron los aleros del edificio y que, como consecuencia, se produjeron filtraciones en el techo de su propiedad.[1]

Arguyó que cursó varias misivas a la Junta de Directores

---

[1] El 5 de marzo de 2024 JJJ Adventure, LLC (JJJ Adventure) presentó una *Primera Demanda Enmendada*. Adujo que el huracán María causó el daño a los aleros y que el personal contratado por el Condominio Adaligia (Condominio) exacerbó esos daños. Indicó que el Consejo de Titulares (Consejo) falló en arreglar los elementos comunes y que esta inacción redundó en daños a su propiedad. Sobre esto último, añadió que, debido a la inacción del Consejo, tuvo que sufragar los gastos de las reparaciones a elementos comunes del Condominio.

del Consejo (Junta) mediante las cuales solicitó la información de la aseguradora del Condominio y reclamó que el Consejo asumiera los gastos de reparación necesarios. Sin embargo, afirmó que sus gestiones fueron infructuosas, por lo que sufragó el costo del sellado del techo del Condominio y de la reparación de la fachada frontal y de las paredes laterales de este.

JJJ Adventure explicó que, el 23 de mayo de 2022, envió una comunicación al Consejo en la que notificó que había culminado las reparaciones y que el costo total ascendió a $29,500, por lo que solicitó al Consejo el resarcimiento de dicho monto. Indicó que, en esa misma fecha, la Presidenta de la Junta le informó que estaban en proceso de identificar la partida de los gastos correspondientes para remitir el cheque. No obstante, JJJ Adventure sostuvo que no recibió pago alguno a pesar de que envió varias misivas adicionales al Consejo para requerirlo.[2] Además, indicó que el 24 de octubre de 2023, mientras esperaba que se cumpliera su petitorio, vendió su apartamento en el Condominio. Así las cosas, solicitó el resarcimiento de los gastos incurridos más intereses, costas y honorarios de abogado.

En respuesta, el 24 de abril de 2024 el Consejo presentó una *Solicitud de desestimación por falta de jurisdicción primaria sobre la materia*. Adujo que, conforme lo dispuesto

---

[2] Según surge del expediente, el 22 de agosto de 2023, el 16 de septiembre de 2022, el 27 de octubre de 2022, el 10 de julio de 2023 y el 24 de octubre de 2023 JJJ Adventure envió cartas al Consejo que interrumpieron el término prescriptivo de su causa de acción.

en la Ley de Condominios, *infra*, el DACo tenía jurisdicción primaria exclusiva sobre la causa de acción de JJJ Adventure, pues versaba sobre presuntas acciones u omisiones de la Junta del Consejo. Por tanto, arguyó que el Tribunal de Primera Instancia carecía de jurisdicción sobre la materia. Además, adujo que el área donde se realizaron las reparaciones era de uso exclusivo de JJJ Adventure y no un área común, según la escritura matriz del Condominio. En atención a esto, solicitó que se desestimara con perjuicio la causa de acción.

En respuesta, el 17 de mayo de 2024 JJJ Adventure presentó una *Oposición a solicitud de desestimación por falta de jurisdicción primaria sobre la materia*. Argumentó que, al haber vendido su apartamento en el Condominio, ya no era titular, por lo que no le aplicaba el Artículo 65 de la Ley de Condominios, 31 LPRA sec. 1923j, ni la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386, 6 de junio de 2022 (Reglamento de Condominios). Así, afirmó que el Tribunal de Primera Instancia tenía jurisdicción primaria y exclusiva sobre su causa de acción. Luego de varios incidentes procesales, el 16 de septiembre de 2024 el foro primario notificó una *Sentencia* mediante la cual determinó que el DACo ostentaba la jurisdicción primaria y exclusiva sobre la materia, dado que JJJ Adventure era titular en el Condominio al momento que surgió la causa de acción en contra del Consejo. Ante esto, desestimó la *Demanda* sin perjuicio.

En desacuerdo, el 16 de octubre de 2024 JJJ Adventure presentó un recurso de *Apelación* ante el Tribunal de

Apelaciones. Adujo que el foro primario erró al desestimar su causa de acción sin perjuicio y determinar que el DACo era el foro con jurisdicción para atender su reclamación.[3]

El 28 de octubre de 2024 el Tribunal de Apelaciones notificó una *Sentencia* mediante la cual confirmó la determinación del Tribunal de Primera Instancia. Expresó que la causa de acción de JJJ Adventure giraba en torno a presuntos actos u omisiones de la Junta del Condominio. Por ello, concluyó que los reclamos de JJJ Adventure eran de naturaleza administrativa por lo que debían ventilarse ante el DACo.[4]

Insatisfecho aun, el 26 de noviembre de 2024 JJJ Adventure presentó el recurso de autos en el que solicita que se revoque la determinación del foro apelativo intermedio y que se devuelva el asunto al foro primario para la continuación de los procesos. Esboza los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el TA al reconocerle al DACo jurisdicción primaria exclusiva para atender las reclamaciones de [JJJ Adventure], a pesar de que al momento de presentarse la demanda la [parte] apelante no es miembro del [Consejo].

> **SEGUNDO ERROR:** Erró el TA al descartar que [el Tribunal Supremo de Puerto Rico] claramente ha reconocido que, sí existen distinciones de causas de acción que el DACo puede atender, y que dicha agencia no tiene jurisdicción primaria exclusiva para atender toda posible causa de acción dimanante de un condominio sometido al régimen de la propiedad horizontal.

El 28 de febrero de 2025 emitimos una *Resolución* mediante la cual acogimos el recurso como un *certiorari*, por ser el

---

[3] El Tribunal de Apelaciones prescindió de la comparecencia del Consejo.
[4] El Juez Salgado Schwarz concurrió por escrito y expresó que la delegación de jurisdicción primaria exclusiva sobre este asunto al Departamento de Asuntos del Consumidor (DACo) era, en extremo, clara y expresa. KLAN202400921, pág.10.

recurso adecuado, y lo expedimos.[5] El 15 de mayo de 2025 el Consejo presentó su alegato y adujo que el foro primario no podía atender la causa de acción de JJJ Adventure, pero que tampoco podía hacerlo el DACo debido a que este ya no era titular del Condominio. Arguye que JJJ Adventure perdió su capacidad para reclamar el pago en controversia, pues no presentó su causa mientras era titular en el Condominio y, por ende, carece de legitimación activa para así hacerlo.

## II

### A. La jurisdicción

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí. FCPR v. ELA *et al.*, 211 DPR 521, 529 (2023); Cobra Acquisitions v. Mun. Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v. Rivera Ortiz, 209 DPR 402, 414 (2022); Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021). Para adjudicar un caso, es esencial que el tribunal tenga jurisdicción sobre la materia y sobre las partes litigiosas. FCPR v. ELA *et al.*, *supra*, pág. 530 (citando a Cobra Acquisitions v. Mun. de Yabucoa *et al.*, *supra*, pág. 394). Por tanto, "el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional". FCPR v. ELA, *supra*, pág. 530 (citando a Torres Alvarado v. Maderas Atiles, 202 DPR 495, 500 (2019)).

---

[5] El 4 de abril de 2025 JJJ Adventure presentó una solicitud para que se atendiera su recurso sin necesidad de presentar un alegato. El 15 de abril de 2025 emitimos una *Resolución* mediante la cual autorizamos su petitorio.

En ese sentido, hemos expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. FCPR v. ELA, *supra*, pág. 530 (citando a Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018)). Así, los asuntos concernientes a la jurisdicción son privilegiados y se deben atender de forma preferente. Íd. "Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". FCPR v. ELA, *supra*, pág. 530 (citando a Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014)).

"[P]or disposición constitucional, los tribunales en Puerto Rico constituyen un sistema judicial unificado en términos de jurisdicción". Adm. Terrenos de Puerto Rico v. Ponce Bayland, *supra*, pág. 600; *véase* Art. V, Sec. 2, Const. ELA, LPRA, Tomo 1. Es decir, nuestro ordenamiento funciona bajo un entendido de jurisdicción general. Íd., pág. 601. Sin embargo, el Estado, a través de sus leyes, puede otorgar o privar de jurisdicción sobre la materia a un tribunal. Rodríguez Rivera v. De León Otaño, 191 DPR 700, 708 (2014).

De esa forma, el Estado puede delegar funciones gubernamentales a agencias administrativas y brindarles jurisdicción primaria para entender en una controversia relacionada con ellas. Íd., pág. 709. Cuando esto ocurre, puede haber incertidumbre con respecto a qué foro, si el judicial o el administrativo, tiene jurisdicción original para atender la controversia. Íd. "En esos casos, para

determinar qué foro tiene jurisdicción original hemos utilizado la doctrina de jurisdicción primaria". Íd. (citando a Aguilú Delgado v. P.R. Parking System, 122 DPR 261, 266 (1988)).

La doctrina de jurisdicción primaria persigue establecer cuál es el foro con la habilidad de atender un caso en primera instancia. Es decir, "no tiene que ver con el momento o la ocasión de la revisión judicial de la acción administrativa". Beltrán Cintrón *et al.* v. ELA *et al.*, 204 DPR 89, 102 (2020) (citando a Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme* 562 (3ra ed. 2013)). Esta doctrina tiene dos vertientes, a saber: la jurisdicción primaria y concurrente, y la jurisdicción primaria y exclusiva.

La jurisdicción primaria y concurrente opera cuando la ley permite que una reclamación se inicie en la agencia o en un tribunal. "Sin embargo, se cede la primacía al órgano administrativo y, como consecuencia, ocurre un 'aplazamiento de interacción por parte del Tribunal hasta que se proceda a resolver finalmente por la agencia'". Rodríguez Rivera v. De León Otaño, *supra*, pág. 710 (citando a Fernández Quiñones, *op. cit.*, pág. 563). Entre otras razones, se justifica la deferencia a la agencia administrativa en casos de jurisdicción primaria concurrente por "la destreza o pericia de la agencia, la prontitud usual del proceso de decisión [y] el uso de técnicas de adjudicación más flexibles". Rodríguez Rivera v. De León Otaño, *supra*, pág. 710, (citando a Ferrer

Rodríguez v. Figueroa, 109 DPR 398, 402 (1980)). No obstante, hemos establecido que "[n]o es aconsejable establecer normas uniformes, aplicables a todas las agencias y a todos sus casos". Íd.

De otro lado, la jurisdicción primaria y exclusiva opera cuando una ley establece que el foro administrativo tendrá jurisdicción inicial exclusiva para entender en una reclamación. Rodríguez Rivera v. De León Otaño, *supra*, pág. 709. Esta atiende situaciones en las que no aplica la doctrina de jurisdicción primaria y concurrente, debido a que la ley aclara que esta última no existe. Íd. Se trata de un mandato legislativo a través del cual se establece que el foro administrativo tendrá jurisdicción sobre determinados tipos de asuntos. Beltrán Cintrón *et al.* v. ELA *et al.*, *supra*, págs. 103-104; Báez Rodríguez *et al.* v. ELA *et al.*, 179 DPR 231, 240-241 (2010).

Así, cuando la ley le confiere jurisdicción exclusiva a una agencia, los tribunales quedan impedidos de intervenir en primera instancia en aquellos asuntos sobre los cuales dicha agencia tiene jurisdicción exclusiva. Rodríguez Rivera v. De León Otaño, *supra*, pág. 709. Entiéndase, esta doctrina no limita o evade la revisión judicial de la controversia, pero sí exige que sea la agencia administrativa la que tome una determinación en primera instancia. Esta doctrina es inaplicable cuando no se presentan cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo, es decir, cuando la cuestión que se plantea

sea puramente judicial. Rodríguez Rivera v. De León Otaño, *supra*, pág. 710; Consejo Titulares v. Gómez Estremera *et al.*, 184 DPR 407, 430-431 (2012).

**B. La Ley de Condominios y el Reglamento de Condominios**

El Artículo 65 de la Ley Núm. 129-2020, conocida como la *Ley de Condominios de Puerto Rico* (Ley de Condominios), 31 LPRA 1923j, dispone sobre la jurisdicción de las causas que surjan en ciertas instancias:

> **Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares** en los siguientes supuestos:
>
> **a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;**
>
> b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
>
> c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de **los titulares [que] sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será <u>primaria y exclusiva del Departamento de Asuntos del Consumidor</u>,** así como cualquier reclamación presentada en contra del agente administrador. (Negrilla y subrayado suplidos).

Similarmente, la Regla 23 del Reglamento de Condominios, *supra*, también expone las instancias en las que se regula el tipo de jurisdicción:

> I.   Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Síndico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:
>
> (a)   **Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y este Reglamento.**

(b)   Cuando resulten gravemente perjudiciales a los
intereses de la comunidad o a un titular.

(c)   Cuando resulten gravemente perjudiciales para
algún titular que no tenga obligación jurídica
para soportarlo y no haya sido previsible al
momento de la compra.

.   .   .   .   .   .   .   .

II.   [...] **[Q]uedarán excluidas de la jurisdicción del
DAC[o], las querellas entre titulares o cuando el
Consejo de Titulares, el Director o la Junta de
Directores presente una reclamación contra uno o varios
titulares o residentes del condominio.** La jurisdicción
para ventilar estas acciones corresponderá al Tribunal
de Primera Instancia.  (Negrilla suplida).

## III

En este caso, debíamos auscultar qué foro ostenta la
jurisdicción primaria para atender una controversia sobre
cobro de dinero y enriquecimiento injusto que se origina
mientras una persona es titular de un apartamento en un
condominio,[6] pero que se presenta luego de haberlo vendido.[7]
Por un lado, JJJ Adventure argumenta que, en vista de que no
era dueño del apartamento al momento de presentar la *Demanda*,
podía acudir en primera instancia al tribunal. Por otro lado,
el Consejo sostiene que es el DACo quien tiene la jurisdicción
primaria exclusiva, dado que los hechos que originaron la
*Demanda* ocurrieron mientras JJJ Adventure era dueño del
apartamento. Así, en el asunto jurisdiccional de umbral,
estamos ante una controversia de estricto derecho. Veamos.

---

[6] No existe controversia sobre que JJJ Adventure era titular de un
apartamento del Condominio cuando incurrió en los gastos y también cuando
le exigió el pago al Consejo. En particular, en mayo de 2022 JJJ Adventure
reclamó la partida correspondiente por primera vez. En vista de que no se
realizó el reembolso, reclamó el pago nuevamente en agosto, septiembre y
octubre de 2022, y en julio de 2023, mientras era titular en el Condominio.
[7] JJJ Adventure presentó la *Demanda* de epígrafe en diciembre de 2023, pero
vendió su apartamento en octubre de 2023.

La Ley de Condominios tiene el propósito de establecer un régimen jurídico que facilite la vida en convivencia. Exposición de Motivos de la Ley Núm. 129-2020. En ella, se le delegó al DACo la facultad para atender las situaciones que puedan suscitarse en la vida comunitaria de un edificio sometido al régimen de propiedad horizontal. Srio. D.A.C.O. v. J. Condóminos C. Martí, 121 DPR 807, 816 (1988). En consonancia, hemos reconocido que el DACo canaliza la solución de los problemas que surjan en este escenario.

Nuestras expresiones no son fortuitas; más bien, responden al propósito de vincular la jurisdicción del DACo con el conjunto de relaciones jurídicas, derechos y obligaciones que nacen de la convivencia en un condominio. Dicho de otro modo, **es la naturaleza del hecho generador lo que delimita la jurisdicción y no la condición posterior del titular.**

Para efectos de la controversia que aquí nos atañe, si en el momento del evento la persona era titular, surgió una causa de acción propia del titular; no hay duda de que la pérdida de titularidad no extingue los daños sufridos ni elimina los actos o las omisiones que ocurrieron durante su vigencia. En ese sentido, interpretar que la jurisdicción desaparece por una venta posterior del inmueble es contrario al orden lógico del derecho, puesto que **son los hechos los que crean y delimitan la causa, no las circunstancias futuras las que la rigen.**

Como discutimos anteriormente, la Ley de Condominios

establece que el DACo tendrá jurisdicción primaria y exclusiva sobre impugnaciones de "[l]as acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares" en aquellos casos en que un condominio tenga al menos un apartamento de uso residencial. 31 LPRA sec. 1923j. En particular, la ley provee tres tipos de acciones u omisiones de los referidos cuerpos que se pueden impugnar, a saber: (1) **cuando sean contrarios a la Ley de Condominios, a la escritura matriz o al reglamento del condominio**; (2) cuando resulten gravemente perjudiciales a los intereses de la comunidad o de un titular, y (3) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlos y no haya sido previsible al momento de la compra. Íd. De ese modo, la Ley de Condominios es clara en cuanto a que no existe una jurisdicción primaria y concurrente en esos supuestos, sino que el DACo posee jurisdicción primaria exclusiva para atenderlos. A la luz del derecho aplicable, una interpretación razonable sería que el DACo tendrá jurisdicción primera exclusiva cuando (i) el conflicto surja en el contexto de la convivencia en condominio; (ii) se origine la controversia mientras la persona era titular, y (iii) la controversia se derive de derechos y deberes propios del régimen de propiedad horizontal.

En este caso, las alegaciones esbozadas en la *Demanda* versan sobre la presunta inacción de la Junta al no reparar

los aleros del Condominio ni resarcir los gastos en los que incurrió JJJ Adventure para arreglarlos mientras era titular del Condominio. En particular, JJJ Adventure alega que los gastos le correspondían al Consejo, pues arregló áreas comunes del edificio. De otro lado, el Consejo sostiene que las áreas que arregló JJJ Adventure eran de uso exclusivo conforme a la escritura matriz del Condominio, por lo que le correspondía a este último sufragar los gastos en controversia.

De esa forma, estamos ante alegaciones sobre acciones u omisiones de la Junta de un Condominio –que ostenta al menos una unidad de uso residencial–, las cuales dependen de la interpretación de su escritura matriz y del derecho aplicable al régimen de propiedad horizontal. Es decir, las alegaciones de este caso requieren una interpretación de asuntos que, según surge de la Ley de Condominios, son de la pericia del DACo. En consecuencia, no estamos ante una controversia que se aparte de los asuntos sobre los que se le delegó expresamente jurisdicción primaria y exclusiva a la referida agencia.[8]

Es importante destacar que la concesión de los remedios que solicita JJJ Adventure no descansa en su condición de titular del apartamento al momento de presentar la causa de acción. En ese sentido, exigir la titularidad como un requisito indispensable para que presente su reclamo privaría

---

[8] La doctrina de jurisdicción primaria no aplicará cuando la cuestión que se plantea sea puramente judicial y "no se presentan cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo". Consejo Titulares v. Gómez Estremera *et al.*, 184 DPR 407, 430-431 (2012).

al DACo de atender controversias legítimamente adscritas a su esfera. Por otro lado, una mayoría de este Tribunal fundamenta su razonamiento en unas expresiones descontextualizadas que emitimos en Consejo Cond. Plaza del Mar v. Jetter, 169 DPR 643 (2006). En este caso, según cita la *Opinión* mayoritaria en la página 16,

> concluimos que el DACo no poseía jurisdicción sobre una reclamación presentada por un Consejo de Titulares contra exdirectores de su Junta, 'independientemente de que la conducta alegada haya ocurrido mientras los demandados actuaban como miembros de la Junta de Directores'. Íd., pág. 669.

No obstante, esta expresión no puede leerse aisladamente. En ese caso, la falta de jurisdicción del DACo no respondió al mero hecho de que la parte querellada ya no formaba parte de la Junta, sino que se trataba de un supuesto en el que el propio Consejo de Titulares demandaba a otros titulares, lo cual es una situación que estaba expresamente excluida de la esfera de actuación del DACo. Así lo hicimos constar en esa ocasión, al citar el Reglamento Núm. 6728 sobre Condominios (Reglamento Núm. 6728), promulgado al amparo de la Ley Núm. 103 del 5 de abril de 2003 sobre propiedad horizontal (derogado), que disponía, entre otras cosas, lo siguiente en cuanto a la jurisdicción del DACo:

> *Igualmente quedan excluid*[a]*s las querellas entre titulares o cuando el Consejo de Titulares o el Director o la Junta de Directores entable [una] reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.* (Bastardillas en el original). Consejo Cond. Plaza del Mar v. Jetter, *supra*, pág. 664 (citando al Reglamento sobre Condominios Núm. 6728, *ante*, págs. 42-43).

Como señaló la mayoría, citando a Consejo Cond. Plaza del Mar v. Jetter, *supra*, págs. 670-671, "[l]a falta de

jurisdicción del DACo se circunscribe a que **el *Consejo de Titulares* le reclama a un grupo de *titulares*** *-ex miembros de una antigua Junta de Directores-* en su carácter personal, por sus actuaciones u omisiones negligentes mientras ocuparon sus puestos directivos". (Negrilla suplida y bastardillas en el original). Es decir, la controversia que inicialmente surgió entre el Consejo de Titulares y los miembros de la Junta de Directores se transformó en una controversia entre titulares, una situación, como vimos, expresamente excluida de la jurisdicción administrativa.

En ese momento, la calidad en que comparecían las partes resultaba determinante, ya que el Reglamento Núm. 6728 contemplaba de manera explícita el supuesto en que se le privaba de jurisdicción al DACo cuando la controversia era entre titulares. Por tanto, la expresión citada por la *Opinión* mayoritaria simplemente reafirma esa prohibición reglamentaria, mas no establece un principio general sobre la pérdida automática de jurisdicción por cesación de titularidad o cambio en la calidad en que comparecen las partes.

Es respecto a este particular que la ponencia mayoritaria omite distinguir aquel caso del que examinamos en esta ocasión. Allí, las partes seguían siendo titulares y, precisamente por ello, el DACo carecía de jurisdicción a la luz de la prohibición expresa sobre controversias entre titulares. No se aborda, por tanto, la controversia que tenemos ante nuestra consideración, en la cual la parte

reclamante fue titular al momento en que surgió el hecho generador, pero no mantuvo esa condición con posterioridad.

Además, queda claro que JJJ Adventure, en efecto, tramitó su reclamo ante la Junta de manera oportuna. Surge de la *Demanda* que JJJ Adventure envió varias comunicaciones al Consejo en las que solicitó su intervención. Adujo que, ante la falta de contestación de parte del Consejo, obtuvo una cotización de reparaciones y se la remitió. Según indicó, JJJ Adventure se vio obligado a sufragar el pago de las reparaciones al no recibir una respuesta.

Así las cosas, en mayo de 2022 notificó cuándo las reparaciones concluyeron y reclamó el reembolso al Consejo, a lo que este respondió que estaba en el proceso de identificar la partida presupuestaria para emitir el pago. No obstante, el reembolso no se concretó y JJJ Adventure reclamó el pago en agosto, septiembre y octubre de 2022 y, nuevamente, en julio de 2023, mientras era titular en el Condominio. En ese sentido, aplicar lo resuelto en <u>Consejo Cond. Plaza del Mar v. Jetter</u>*, supra,* sin reconocer esta diferencia fundamental, sería pasar por alto el contexto que dio sentido a nuestra determinación en aquel momento.

La función adjudicativa exige un análisis integral, no fragmentado, que permita hacer justicia conforme al diseño de nuestro ordenamiento. No podemos permitirnos extraer expresiones aisladas de un precedente -que no aplica- y convertirlas en el fundamento determinante de nuestra decisión.

Por los fundamentos expuestos, estimo incorrecto el argumento de JJJ Adventure -y el que adopta una mayoría de este Tribunal- a los efectos de que la extinción de su calidad de titular del Condominio redundó en que el DACo perdiera la jurisdicción primaria y exclusiva sobre su causa de acción. A mi juicio, su condición de titular al momento de los hechos demuestra que el ente que ostenta jurisdicción primaria y exclusiva para dirimir su reclamo es el DACo. Por lo tanto, el hecho de que JJJ Adventure no sea titular al momento en que se presentó la *Demanda* en nada incide sobre la habilidad de la agencia para adjudicar la controversia y proveer el remedio que en derecho proceda. Ante este cuadro fáctico, disiento.

Maite D. Oronoz Rodríguez
Jueza Presidenta