ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JULIA FELIZ BARRERA<br><br>PARTE RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR<br><br>PARTE RECURRIDA | TA2025RA00383 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor (DACo)<br><br>Sobre: Reclamación Núm. 0000051642 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de diciembre de 2025.

Comparece ante nos la Sra. Julia Feliz Barrera (en adelante, Sra. Barrera o recurrente), por derecho propio e *in forma pauperis*, mediante un *Recurso de Revisión por Inacción Administrativa* radicado el 18 de noviembre de 2025. En su escrito nos solicita, entre otras cosas, que asumamos jurisdicción dada la "urgencia y la magnitud pública" del caso, ordenemos al Departamento de Asuntos del Consumidor (en adelante, DACo o recurrido) a emitir una determinación escrita y para que realicen una investigación formal contra Solaris Assets, LLC y SunStrong Management, LLC.

El mismo día de la presentación del recurso, la parte recurrente radicó una *Solicitud para Declaración de Indigencia* para que se le exima del pago del arancel. Luego de evaluada la referida solicitud, la misma se declara Ha Lugar, y en su consecuencia, se le exime del pago del arancel de primera comparecencia.

**I.**

El 30 de octubre de 2025, la recurrente presentó ante el DACo, mediante correo electrónico, una reclamación asignada al número 0000051642, contra Sunnova Energy International, Inc., Solaris Assets LLC, SunStrong Management LLC, GoodLeap LLC y Power Solar LLC.[1] Alegó el abandono de servicios por parte de las compañías, la cesión de obligaciones sin registro en la Isla y el incumplimiento de garantías y mantenimiento de sistemas solares instalados. A esos efectos, solicitó a la recurrida que realizara la investigación correspondiente y emitiera las órdenes necesarias para proteger el interés público y garantizar que los consumidores afectados no fueran objeto de cobros o gestiones por parte de entidades no autorizadas.

Ese mismo día, DACo emitió una *Notificación de reclamación devuelta por falta de información* en la que le notificó a la recurrente que la reclamación estaba incompleta.[2] La comunicación, además, dispuso que, evaluada la reclamación, no se justificaba la concesión de un remedio en cuanto al asunto del abandono de servicio. Con relación a la orden de cancelación de facturación y cobro, la agencia le mencionó a la recurrente que esos hechos y asuntos se encuentran pendientes de revisión judicial mediante recurso presentado ante este Tribunal de Apelaciones, en el caso *Julia Feliz Barrera v. Power Solar, LLC y otros*, asignado al alfanumérico TA2025RA00307, que está pendiente de consideración por un panel hermano y en el que la recurrente es parte.

En respuesta, la Sra. Barrera volvió a enviar un correo electrónico a la agencia, titulado "Escrito de Subsanación y Reconsideración – Reclamación Núm. 0000051642 (Julia Feliz Barrera)", explicando que su querella contenía hechos nuevos y distintos a los que estaban contemplados en el recurso apelativo pendiente y reafirmando la jurisdicción plena de DACo conforme a los Artículos 7.1 y 10.2(b) del Reglamento 7937 y el 11 USC sec. 362(b)(4).

---

[1] Apéndice #3 del Recurso.
[2] Véase Apéndice #4 del Recurso, págs. 11-12.

Además, solicitó a la agencia que reconsiderara su determinación inicial y reanudara el trámite correspondiente.

El 4 de noviembre de 2025, DACo respondió a la recurrente indicándole que su escrito no constituía una querella formal realizada ante el Departamento, por lo cual no era de aplicación la Ley de Procedimiento Administrativo Uniforme (LPAU).[3] Por el contrario, le indicó que su reclamación era una querella informal y le explicó como manejan las reclamaciones que se presentan de forma virtual en la plataforma de la agencia. A su vez, la agencia determinó que el escrito de subsanación y reconsideración presentado por la recurrente no procedía en derecho por no haber una querella formal radicada.

Inconforme, ese mismo día, la recurrente volvió a comunicarse por correo electrónico con DACo y alegó que la agencia interpretó erróneamente el trámite virtual que esta había realizado y expuso que en su reclamación: (1) está denunciando un problema de interés público que afecta a todos los consumidores en Puerto Rico; (2) que lo planteado en la querella anterior, que ahora se encuentra en apelación ante un panel hermano, se basa en hechos distintos y anteriores a los que plantea en la nueva reclamación; y (3) que DACo tiene jurisdicción y un deber ministerial de intervenir en virtud de varias disposiciones legales.[4]

El 10 de noviembre de 2025, la recurrente volvió a escribir a DACo solicitando respuesta a sus correos anteriores y notificando nuevos hechos relacionados a la facturación y cobro recibido por parte de SunStrong Management, LLC.[5] Asimismo, el 12 de noviembre de 2025, la Sra. Barrera sometió una *Moción de protección al consumidor y denuncia por prácticas fraudulentas contra consumidores de energía solar*. En esta, le requirió a la agencia que, entre otras cosas, declarara la nulidad de todo intento de cobro,

---

[3] Apéndice #2 del Recurso.
[4] Véase Apéndice #4 del Recurso.
[5] *Id.*

comunicación o administración por parte de SunStrong Management, LLC o Solaris Assets LLC; emitiera una orden administrativa de protección pública; iniciara una investigación de oficio sobre la divulgación de datos personales; y requiriera información a esas compañías sobre su base legal de operaciones y su relación contractual con consumidores puertorriqueños. A esos efectos, solicitó al DACo que dicha moción fuera incluida en el expediente de la agencia y que se le notificara de la radicación y número de querella asignado a su reclamación.

Ante la alegada inacción y falta de respuesta por DACo, el 18 de noviembre de 2025, la recurrente presentó el recurso ante nuestra consideración en el que, aunque no señala un error específico, argumenta que el recurrido no cumplió con sus deberes ministeriales de investigar, proteger al consumidor, atender querellas, emitir determinaciones, ni tomar medidas preventivas ante un alegado esquema de cobro ilegal y uso de datos personales por ciertas entidades.

Por los fundamentos que exponemos a continuación, se desestima el recurso instado por la parte recurrente.

**II.**

**A. Jurisdicción**

La jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *JJJ Adventure v. Consejo de Titulares*, 2025 TSPR 123, 216 DPR __ (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG*, *supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo analizar, en todo caso,

si poseen jurisdicción para atender las controversias presentadas ante su consideración. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. San Sebastián v. QMC Telecom, supra*.

### B. Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601 *et seq.,* establece el marco normativo que rige la revisión judicial de las decisiones emitidas por las agencias administrativas. *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024). Dicho marco se sustenta en el principio de razonabilidad, lo que implica evaluar que no se haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que constituya un abuso de discreción. *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016).

A tenor, existen tres aspectos que delimitan el alcance de la revisión judicial de las decisiones administrativas: "(1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho del ente administrativo fueron correctas". *Rolón Martínez v. Spte. Policía,* 201 DPR 26, 36 (2018), citando a *Pagán Santiago et al. v. ASR,* 185 DPR 341, 358 (2012).

En ese sentido, la Sección 4.2 de la LPAU, dispone que:

> Una parte adversamente afectada por una **orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones,** dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha

aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

[...]

Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. 3 LPRA sec. 9672. (Énfasis nuestro).

Según definido por la ley, una orden o resolución es "**cualquier decisión o acción agencial** de aplicación particular **que adjudique derechos u obligaciones** de una o más personas específicas, **o que imponga penalidades o sanciones administrativas** excluyendo órdenes ejecutivas emitidas por el Gobernador." 3 LPRA sec. 9603. (Énfasis nuestro). La ley distingue entre órdenes o resoluciones parciales, que son aquellas que adjudican derechos u obligaciones, pero no ponen fin a la controversia total, sino a un aspecto específico de la misma, y las órdenes interlocutorias, que son acciones de la agencia que disponen de asuntos meramente procesales. *Id.*

Asimismo, la Sección 3.14 de la LPAU dispone lo siguiente:

Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.

La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.

La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. 3 LPRA sec. 9654.

De conformidad con lo antes expuesto, se ha interpretado que una "orden o resolución final" es aquella que "dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes". *Pérez López v. Depto. Corrección*, 208 DPR 656, 672-673 (2022), citando a *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 545 (2006).

### III.

Conforme a los hechos antes expuestos, así como el derecho aplicable, nos corresponde desestimar el recurso presentado ante una clara ausencia de jurisdicción. Los documentos que acompañan el recurso revelan que DACo nunca emitió una orden o resolución final, ni tampoco una determinación adjudicativa que resolviera derechos u obligaciones de las partes conforme exige la LPAU. En este caso, las comunicaciones de DACo no constituyen órdenes ni resoluciones revisables, pues ni siquiera hay una querella formal presentada ante la agencia. En consecuencia, al no haber una determinación administrativa revisable, lo procedente es desestimar el recurso por falta de jurisdicción, sin entrar en los méritos de las alegaciones de la recurrente.

### IV.

Por los fundamentos que anteceden, se *desestima* el *Recurso de Revisión por Inacción Administrativa.*

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JULIA FELIZ BARRERA<br><br>**RECURRENTE**<br><br>v.<br><br>DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR<br><br>**RECURRIDA** | TA2025RA00383 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor (DACo)<br><br>Sobre:<br><br>Reclamación Núm. 0000051642 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**VOTO DISIDENTE DE LA JUEZ GRACE M. GRANA MARTÍNEZ**

La complejidad del mercado de bienes y servicios, unido al sinnúmero de prácticas indeseables que algunos comerciantes y manufactureros llevaban a cabo, conllevaron la creación del Departamento de Asuntos al Consumidor, en adelante (DACo) como organismo para sacar al consumidor del estado de indefensión y desvalimiento en el cual se encontraba. En dicha función se le delego ventilar y adjudicar las querellas traídas por los consumidores, fiscalizar el cumplimiento de las leyes cuyo objetivo es proteger al consumidor, educar al consumidor y brindarle representación adecuada en la defensa de todos sus derechos.[6] Entre sus propósitos está vindicar e implementar los derechos del consumidor.[7] Cuenta como parte de los amplios poderes y facultades delegadas con la de reglamentar, atender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía.[8] Además se le ha delegado el poder o facultad de establecer las reglas y normas

---

[6] Véase Exposición de Motivos, Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973, según enmendada.
[7] 3 LPRA sec. 341b.
[8] 3 LPRA sec. 341e(a) y (c).

necesarias para la conducción de los procedimientos administrativos, tanto de reglamentación como de adjudicación.[9]

En cuanto a su poder de reglamentación el Secretario de DACo tiene poder para aprobar, enmendar o revocar aquellas reglas, reglamentos, órdenes, resoluciones y determinaciones necesarias para dar cumplimiento a su ley habilitadora. Las reglas y reglamentos, que no van de carácter interno, serán promulgadas conforme a lo dispuesto por la Ley Núm. 170 de 12 de agosto de 1988, conocida, como Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.[10]  Como parte de sus obligaciones el secretario del Departamento establecerá una división administrativa con el propósito de recibir, ventilar y adjudicar las querellas que, por violación a las leyes, o disposiciones de las mismas, que den protección al consumidor, radiquen consumidores individuales, grupos de consumidores y funcionarios del Departamento u otros funcionarios del Estado Libre Asociado de Puerto Rico.[11] Además, el secretario deberá resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía, y conceder los remedios pertinentes conforme a derecho, a través de la estructura de adjudicación administrativa. ... [12]

Cualquier consumidor podrá radicar una querella en el Departamento para vindicar los derechos que le conceden las leyes del Estado Libre Asociado de Puerto Rico. En caso de que la querella radicada por el consumidor no plantee ninguna controversia adjudicable, el Departamento asesorará al consumidor con respecto a la solución de su querella y/o referirá la misma a cualesquiera agencias pertinente del Estado Libre Asociado de Puerto Rico o

---

[9] 3 LPRA sec. 341e (g).
[10] 3 LPRA sec, 341g (a). Derogada y sustituida por la Ley 37-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico. 3 LPRA sec. 9601.
[11] 3 LPRA sec. 341h.
[12] 3 LPRA sec. 341i-l.

de los Estados Unidos. Las querellas de los consumidores se regirán por el procedimiento de adjudicación que dispone la ley.[13]

El Reglamento de Procedimientos Adjudicativos, Núm. 8034 de 13 de junio de 2011, en adelante, el Reglamento, aplica a las investigaciones y procesos administrativos sobre querellas iniciadas por consumidores o por DACo. Este define una queja o consulta como una comunicación particular o anónima sobre un asunto comprendido en las leyes y reglamentos que administra el Departamento. Se investiga para determinar si existen infracciones a los mismos y si se debe proceder con las medidas correctivas en protección del consumidor.[14] A pesar de que queja y querella son sinónimos el reglamento las distingue definiendo la Querella como una reclamación presentada por un consumidor o su representante autorizado solicitando que le sea reconocido un derecho y concedido un remedio. También puede ser una acción iniciada por DACo para hacer cumplir las leyes y reglamentos, e imponer multas o sanciones.[15]

Nótese que toda querella se inicia con una queja o consulta del querellante o del personal de DACo, donde expresa los hechos que motivan la reclamación. DACo debe asesorar al querellante sobre los documentos necesarios para radicar la querella.[16] Las querellas se pueden presentar personalmente o por correo, fax o correo electrónico.[17] Esta debe contener, entre otros, el nombre de las partes, dirección y teléfono, correos electrónicos de las partes, numero de querella que asignara DACo al momento de su radicación, una relación sucinta de los hechos, el remedio solicitado, documentos en apoyo de sus alegaciones, fecha de radicación y firma del

---

[13] 3 LPRA sec. 341n.
[14] Reglamento Núm. 8034, regla 4(s).
[15] Reglamento Núm. 8034, regla 4(t).
[16] Id, regla 5, inciso 5.1.
[17] Id, regla 5, inciso 5.2.

querellante.[18] Es DACo quien notificara a todos los querellados la querella presentada en su contra.[19]

Así también DACo ostenta la facultad de ordenar al querellante que muestre causa por la cual no deba desestimarse la querella, incluso a iniciativa propia o a solicitud del querellado, si entiende que la querellante no presenta una reclamación que justifique la concesión de un remedio, por inmeritoria, por falta de jurisdicción, o por cualquier otro fundamento que en Derecho proceda. En caso de desestimación, el Departamento orientara al querellante sobre los remedios legales que tiene disponibles para proteger sus intereses.[20] Y contra esa determinación la parte querellante podría presentar una reconsideración o revisión judicial, como escoja.[21]

Si bien la reglamentación contempla órdenes y resoluciones sumarias sin la celebración de vista administrativa por parte de DACo a la misma vez dispone que será luego de que las partes hayan hecho sus planteamientos y la agencia haya evaluado la evidencia y no surja una controversia real de hechos. Las disposiciones antes citadas se interpretarán en forma liberal para garantizar una solución justa, rápida y económica de todo procedimiento conforme la Ley de Procedimiento Administrativo del Gobierno de Puerto Rico, Ley38-2017.[22]

Contando con la normativa aplicable a la controversia ante nuestra consideración, veamos la aplicación de esta en función de los hechos de este caso.

La señora Feliz Barrera, presento una querella por abandono de servicio y practicas engañosas, ambos asuntos sobre los cuales DACo protege al consumidor. Véase 3 LPRA sec. 341(e).[23] La querella tenía su nombre, dirección, teléfono y número de teléfono, así como la de los querellados, una

---

[18] Id, regla 7, inciso 7.1.
[19] Id, regla 8, inciso 8.1.
[20] Reglamento Núm. 8034, regla 10, inciso 10.1.
[21] Id, regla 10, inciso 10.2.
[22] Reglamento Núm. 8034, regla 32, inciso 32.1.
[23] Véase también el Apéndice parte 1, entrada número 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el TPI.

relación de los hechos, los fundamentos legales, el remedio solicitado, documentos en apoyo de sus alegaciones, fecha de radicación y firma de la querellante conforme a la regla 7, inciso 7.1 del Reglamento.

Como contestación a su querella recibió la siguiente comunicación por parte de DACo.



**GOBIERNO DE PUERTO RICO**
Departamento de Asuntos del Consumidor

Estimado Consumidor:

La reclamación número **0000051642** ha sido evaluada y notamos que está incompleta. Para poder continuar con el proceso, usted debe:

Buenos días:

Evaluada su reclamación se informa lo siguiente:

No se justifica la concesión del remedio en cuanto al asunto del abandono de servicio.

Con relación a la Orden cancelación de facturación y cobro dichos hechos y asuntos se encuentran en revisión judicial bajo los casos TA2025 RA00307. Querella ARE-25-6620.

Cualquier pregunta adicional puede comunicarse con el Director Regional.

De no tomar acción en los próximos 15 días, su reclamación será cerrada.



DACO
DEPARTAMENTO DE ASUNTOS
DEL CONSUMIDOR

Como se observa la referida comunicación no tiene fecha, remitente mucho menos las advertencias propias de una resolución adjudicativa. Sorprende no solo la informalidad de la respuesta por parte del Departamento sino hasta la incoherencia de la respuesta. Por un lado, dice que la reclamación está incompleta sin completar la información que falta. Pero por otro lado parece decir que es cosa juzgada.

En respuesta el 4 de noviembre la señora Feliz Barrera le escribió a DACo por correo electrónico, explicando los fundamentos por los cuales no se debía desestimar su reclamación. Explico entre otros, que la querella que se menciona en la carta de DACo corresponde a una situación ajena a la incluida en su querella actual, así como las razones por las que entendía que

DACo si tenía jurisdicción y un deber ministerial de intervenir. Posteriormente, el 12 de noviembre presento *Moción de protección al Consumidor y Denuncia por prácticas fraudulentas contra consumidores de energía solar.*[24]

En respuesta, el 4 de noviembre, el señor Raúl Gonzalez de DACo envió un correo electrónico a la señora Feliz Barrera en la que le informo lo siguiente y cito:

> Con relación a su Reclamación Núm. 0000051642 hecha online le informo lo siguiente además de lo previamente indicado por personal de DACo vía email que atiende los asuntos online por email: Su escrito online no es una querella formal realizada ante el Departamento por lo cual no aplica la Ley de Procedimiento Administrativo Uniforme Ley38 de 2017, SE (LPAU) y lo allí escrito constituye una queja informal. EL DACo evalúa todas las quejas online y de entender que procede formalizarse una querella la entra al sistema como querella y se le da un número formal que comienza con ARE-año-#caso y no numérico como el suyo que es de control bajo las quejas online-no querella.
> Su escrito de subsanación y reconsideración no procede en derecho por no haber querella formal radicada. Además de la persona que reinterviene los asuntos online y quien le contestó por email que su queja no procede como querella, le aclaro y es FINAL LA CONTESTACION A SU QUEJA Núm. 0000051642 DE QUE NO PROCEDE QUERELLA por las siguientes razones: 1. No se justifica la concesión de remedio alguno en derecho con relación al asunto del abandono del servicio para su sistema solar. 2. Con relación al asunto de la facturación y cobro de arrendamiento de sistema solar, dichos hechos y remedio es un asunto similar al que se encuentra en revisión judicial bajo los casos TA2025RA00370 (Tribunal de Apelaciones) y cuyo origen de los hechos proviene de la querella en DACo Are-2024-0006620. Espero haberle aclarado su escrito de subsanación el cual no procede por no haber querella formal en DACo y de haberla pudiera constituir COSA JUZGADA y/o volverse a resolver sumariamente por ausencia de jurisdicción de DACo en los asuntos de facturación y cobro de dinero relacionados a los contratos de arrendamiento de sistemas solares que le competen al Negociado de Energía de PR según la Ley 57 del 2014.

El Departamento en una actuación ultra vires desestima la querella de una consumidora, sin vista, porque "cierto personal," desconocido para el querellante, "que atiende los asuntos online por email" entiende que la querella no es una querella formal. Sin más, sin fundamento de Derecho alguno. Así concluye, quien sea ese personal, "que atiende los asuntos *on*

---

[24] Véase Apéndice parte 2, entrada número 4 del SUMAC ante el TPI.

*line*" que como no es una querella formal no le aplica la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico. Por último, expresan que no procede la querella por dos razones:

(a)     Porque no se justifica la concesión de remedio alguno en derecho con relación al asunto del abandono del servicio para su sistema solar y,

(b)     Con relación al asunto de la facturación y cobro de arrendamiento del sistema solar, dichos hechos y remedios son un asunto similar al que se encuentra en revisión judicial bajo los casos TA2025RA00370[25] (Tribunal de Apelaciones) y cuyo origen de los hechos proviene de la querella en DACo Are-2024-0006620.

Por último, informan y cito que: "Espero haberle aclarado su escrito de subsanación el cual no procede por no haber querella formal en DACo y de haberla pudiera constituir COSA JUZGADA y/o volverse a resolver sumariamente por ausencia de jurisdicción de DACo, en los asuntos de facturación y cobro de dinero relacionados a los contratos de arrendamiento de sistemas solares que le competen al Negociado de Energía de PR según la Ley 57 del 2014."

En resumen, desestiman la queja, querella o reclamación que presento la señora Feliz Barrera por no haber querella formal en DACo, pero es el mismo DACo quien no da paso a una querella formal. Expresan que, de haberla, a lo cual asumo se refieren a una querella, lo cual sería insólito que el propio Departamento no sepa si hay una o no, podría constituir Cosa Juzgada y o volverse a resolver sumariamente por falta de jurisdicción de DACo sobre los temas de facturación y cobro de dinero sobre arrendamientos de placas

---

[25] El caso Número TA2025RA00370 esta signado a un panel hermano compuesto por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora. En dicho caso el panel emitió Sentencia, el 18 de diciembre de 2025 revocando la determinación administrativa de DACo. He revisado los señalamientos de error del ante dicho caso y se distinguen de los reclamos presentados en el caso que nos ocupa, razón por la cual erro DACo al determinar que los planteamientos podrían ser cosa juzgada.

solares que en la comunicación de DACo concluyen que le toca al Negociado de Energía según la Ley 57-2014.

Como anticipe, la respuesta del Departamento es ultra vires y está en contravención con la razón por la que se creó la agencia. Si la señora Feliz Barrera duplica sus argumentos y esto constituye cosa juzgada, el Reglamento Núm. 8034 solo reconoce un proceso de querella que en caso de desestimación bien sea porque la querella no presenta una reclamación que justifique la concesión de un remedio, por ser inmeritoria, por falta de jurisdicción o cualquier otra razón en Derecho, conlleva una relación de la determinación de hechos probados basada en el expediente, conclusiones de derecho y la disponibilidad del recurso de reconsideración o revisión según sea el caso.[26]

Esto no ocurrió, lo cual me obliga a disentir de la opinión mayoritaria. Aquí, en un proceso creado sin base legal, adjudicaron el reclamo, al margen de su propia reglamentación.

El Departamento no está autorizado por Ley ni reglamento a llevar un procedimiento, a mi entender, tan atropellado en contra de los consumidores que justifican su existencia como institución. Razón por la cual disiento pues revocaría para que el Departamento actúe conforme la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, supra, su propia Ley habilitadora y el Reglamento Núm. 8034, en la evaluación de la querella presentada por la señora Feliz Barrera.

En San Juan, Puerto Rico, a 29 de diciembre de 2025.


Hon. Grace M. Grana Martínez
Juez de Apelaciones

---

[26] Véase Reglamento Núm. 8034, regla 26, inciso 26.1; 3 LPRA sec. 9654.