ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JUAN CARLOS CASTELLANOS RODRÍGUEZ<br><br>Peticionario<br><br>V.<br><br>LUZ HIRALDO RIVERA<br><br>Recurrida | TA2026CE00129 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV02823<br><br>Sobre:<br><br>Daños |
|---|---|---|

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2026.

Juan Carlos Castellanos Rodríguez (apelante o señor Castellanos Rodríguez) presentó un recurso titulado "Apelación in forma pauperis" para que revisemos la determinación que emitió el Tribunal de Primera Instancia, Sala de Carolina, el 12 de enero de 2026. En esta el foro de instancia indicó lo siguiente: "El presente caso tiene sentencia emitida el 22 de diciembre de 2025 en la cual se dispuso en los méritos del presente caso. El tribunal instruyó a la parte demandante y le recomendó comparecer mediante representación legal. Ante el escrito presentado el tribunal dispone: Sin lugar."

Junto al recurso, el señor Castellanos Rodríguez incluyó una *Solicitud para Declaración de Indigencia*. Evaluada ésta, se acepta su comparecencia según solicitada.

Aun cuando el señor Castellanos Rodríguez presentó el recurso como una *Apelación*, en el sistema electrónico de SUMAC,

se le otorgó el número de *Certiorari*. No obstante, lo atenderemos como una apelación, pues se pretende la revisión de la *Sentencia* que emitió el Tribunal de Primera Instancia, el 19 de diciembre de 2025, notificada el 22 de diciembre de ese año. Mediante la aludida *Sentencia* el foro primario desestimó con perjuicio la demanda que interpuso el señor Castellanos Rodríguez.

Por los fundamentos que exponemos, desestimamos el recurso por falta de jurisdicción por tardío.

**I.**

Los hechos procesales pertinentes, según recopilado del recurso y del Sistema Unificado de Manejo y Administración de Casos[1] (SUMAC), son los siguientes:

El 3 de septiembre de 2025 el señor Juan Carlos Castellanos Rodríguez interpuso una demanda[2], por derecho propio, contra Luz Hiraldo Rivera por daños y perjuicios. En síntesis, alegó que le prestó su firma a la demandada Luz Hiraldo para que esta operara un carrito ambulante de comidas en Carolina. Indicó que la demandada no pagó el IVU y acumuló una deuda cuyo balance actual giraba en los $17,542.61. Adujo que las gestiones para que la demandada se pudiera al día resultaron negativas, lo cual le causó daños. Solicitó el pago de la referida deuda, que se le libere de esta, más los daños morales.

Ese mismo 3 de septiembre de 2025, la demandada fue emplazada.[3]

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia, (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025).

[2] SUMAC TA, apéndice, documento entrada 1.

[3] SUMAC TPI, entrada 3.

Evaluada la demanda, el 10 de septiembre de 2025, el foro primario le ordenó[4] a Castellano Rodríguez a comparecer mediante representación legal para asegurar una adecuada administración de la justicia.

Luego de otros trámites procesales, el 3 de octubre de 2025, la demandada Luz Hiraldo interpuso una *Moción Solicitando Desestimación Por Prescripción*[5]. Alegó que a la Demanda se le acompañó una Certificación de Deuda del Departamento de Hacienda que establece que la deuda corresponde a los periodos contributivos de enero y julio de 2015. Indicó que la deuda está a nombre del demandante y cualquier acción relacionada a esta se encuentra prescrita.

Sobre este particular, el 17 de octubre de 2025, el Tribunal de Primera Instancia emitió la siguiente Orden[6]: "Se concede a la parte demandante el término dispuesto en la Regla 8.4 de Procedimiento Civil para que exprese posición previo a resolver."

El 20 de octubre de 2025, el demandante, nuevamente por derecho propio, presentó una *Moción de Rebeldía, Sentencia y Otros Asuntos Concomitantes*[7]. Adujo que realizó gestiones en Asistencia legal y Pro-Bono que fueron infructuosas. Insistió en que la demandada se encontraba en rebeldía.

Transcurrido el término concedido, sin que el demandante presentara su posición en cuanto a la Moción de Desestimación, el 19 de diciembre, notificada el 22 de diciembre de 2025, el foro primario dictó una *Sentencia*[8]. En esta, declaró *Con Lugar* la *Moción Solicitando Desestimación por Prescripción* que presentó

---

[4] SUMAC TPI, entrada 4.
[5] SUMAC TPI, entrada 9.
[6] SUMAC TPI, entrada 10.
[7] SUMAC TA, apéndice, documento entrada 11.
[8] SUMAC TPI, entrada 14.

la demandada, Luz Hiraldo. En consecuencia, desestimó con perjuicio la demanda de Castellano Rodríguez.

El 23 de diciembre de 2025, Castellanos Rodríguez presentó una *Moción de Sentencia Sumaria*[9], en síntesis, adujo que el daño moral es concomitante con la deuda que no prescribe. Reiteró su reclamación de $20,000 por daño moral.

En respuesta, el 29 de diciembre de 2025, notificada el 7 de enero de 2026, el Tribunal emitió una *Orden*[10] en la que determinó, "Nada que proveer. Véase Sentencia emitida el 19 de diciembre de 2025."

El 12 de enero de 2026, Castellanos Rodríguez interpuso una moción intitulada *Caveat: Deber inecusable[sic] del resolver diligentemente.*[11] En esta reiteró su reclamación en daños al alegar que la deuda subsistía.

El 12 de enero de 2026 el foro primario le respondió lo siguiente:

> "El presente caso tiene sentencia emitida el 22 de diciembre de 2025 en la cual se dispuso en los méritos del presente caso. El tribunal instruyó a la parte demandante y le recomendó comparecer mediante representación legal. Ante el escrito presentado el tribunal dispone: *Sin lugar*."

En desacuerdo, 3 de febrero de 2026, el señor Castellanos Rodríguez interpuso un escrito intitulado "*Apelación in forma paperis*". Adujo que incidió el foro primario en lo siguiente:

**Primero**: Porque la sentencia declaratoria no prescribe nunca y tenemos derecho a un remedio legal.

**Segundo**: Porque existe derecho a la auto representación legal.

**Tercero**: Porque permite a los abogados de la apelada reclamar un término prescriptivo de un año

---

[9] SUMAC TA, apéndice, documento entrada 15.
[10] SUMAC TPI, entrada 17.
[11] SUMAC TA, apéndice, documento entrada 19.

en la acción de daños, cuando son 4 y en el caso del CRIM son 7 y tiene que cumplir con el reglamento 8738 que tiene que pedir al CRIM lo releve de la deuda, que no lo hizo y por ende no está prescrita.
**Cuarto**: No tomó en cuenta nuestra incapacidad física y económica, de un epiléptico, que obliga apelar en *forma pauperis*.

Examinado el expediente, optamos por prescindir de la comparecencia de la parte apelada, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, para lograr el más eficiente despacho de la disputa.

## II.

## A.

La Regla 52.2 (a) de Procedimiento Civil de Puerto Rico indica que, "los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de **treinta (30)** días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado." 32 LPRA Ap. V, R. 52.2.

Este término de treinta (30) días para apelar se puede interrumpir, según lo indica la Regla 52.2 (e) de Procedimiento Civil, por la oportuna presentación de una moción de reconsideración a tenor con la Regla 47 de Procedimiento Civil.

En ese tenor, la Regla 47, en lo aquí pertinente indica:

[……..]

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

Una vez presentada la moción de reconsideración quedaran interrumpidos los términos para recurrir en alzada para todas las

partes. Estos términos comenzaran a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Ver Regla 52.2 (e) de Procedimiento Civil, *supra*.

### B.

La jurisdicción es el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. JJJ Adventure v. Consejo de Titulares y otros, 2025 TSPR 123, 216 DPR __ (2025); Greene et als. v. Biase et als., 2025 TSPR 83, 215 DPR __ (2025); Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR __ (2025); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). A tenor con ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. JJJ Adventure v. Consejo de Titulares y otros, *supra*; Greene et als. v. Biase et als., *supra*; Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020).

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR __ (2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 449 (2024); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Ruiz Camilo v. Trafon

Group, Inc., *supra*, pág. 269.  En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Íd.

### III.

Como foro apelativo intermedio, estamos llamados a examinar si tenemos jurisdicción para atender el recurso presentado.

Según se expuso en el tracto procesal, el señor Castellanos Rodríguez interpuso el presente recurso el **3 de febrero de 2026**. Del recurso, podemos razonar, que estaba inconforme con la Sentencia que emitió el foro primario el **22 de diciembre de 2025**, en la cual se le desestimó la demanda.   Contra esa Sentencia el señor Castellanos Rodríguez no solicitó reconsideración.

Por tanto, a partir del **22 de diciembre de 2025**, el señor Castellanos Rodríguez disponía de treinta (30) días, esto es, hasta en o antes el **21 de enero de 2026**, para comparecer ante nos. Siendo de este modo, la presente acción presentada el 3 de febrero de 2026, a cuarenta y dos (42) días de notificada la Sentencia, resulta en exceso al término jurisdiccional que establece nuestro estado de Derecho.

Por tanto, es forzoso concluir que el recurso ante nuestra consideración es presentado tardíamente, lo que nos impide ejercer nuestra jurisdicción en los méritos de la controversia que se nos propone.

En vista de lo anterior, procedemos a desestimar el recurso, de conformidad con la Regla 83(C) del Reglamento del Tribunal de

Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 116, 215 DPR __ (2025), 4 LPRA Ap. XXII-B 83(B)(1), el cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación.

**IV.**

Por los fundamentos antes expuestos, se **desestima** el presente recurso por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones