ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>JOSÉ JULIÁN TORRES MAYSONET<br><br>Peticionario | TA2026CE00397 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2014CR01967<br><br>Sobre:<br><br>Art. 190 C.P. Ley 404, Art. 5.05, Art. 285 C.P., Art. 157 C.P., 189 C.P. |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de abril de 2026.

El señor José J. Torres Maysonet (señor Torres Maysonet o peticionario) presentó un escrito intitulado *Moción Reconsideración Apelación a Resolución* con fecha del 25 de marzo de 2026. El recurso fue presentado por derecho propio y en forma *pauperis*.

Por las razones que exponemos, desestimamos el recurso por falta de jurisdicción.

## I.

Del recurso que atendemos surge que, el señor Torres Maysonet es miembro de la población correccional de la Institución Guayama 500. En su escrito aludió a una *Resolución* emitida el 24 de febrero de 2026, pero no la incluyó. En síntesis, indicó que este Tribunal de Apelaciones le informó que no hizo

constar señalamiento de error específico, para adquirir jurisdicción. Mencionó, además, que el foro apelativo hizo más énfasis en las reglas del tribunal que en el caso presentado anteriormente bajo *certiorari*. Alegó que le notificó al Tribunal de Primera Instancia y al Tribunal de Apelaciones que tiene evidencia de que cuando ocurrieron los hechos, en mayo de 2014, estaba en proceso de recuperación de una operación del ojo derecho. Sostuvo que el Sr. Luis Cruz Díaz realizó una descripción errada de la cara del peticionario y que hubo contradicciones. Nos solicitó que ordenemos un nuevo proceso judicial. Junto a su escrito incluyó varias órdenes médicas. Además, acompañó una declaración suscrita por el Agente Luis Cruz Díaz por secuestro y otros delitos, por hechos ocurridos el 16 de mayo de 2014. Incluyó a su vez, una Solicitud de Reconsideración del 25 de marzo de 2015 dirigida al Tribunal de Primera Instancia, Sala de Bayamón, en el caso BY2014CR01967.

Examinado el recurso y la totalidad del expediente, prescindimos de la comparecencia del recurrido a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

Por los fundamentos que exponemos, desestimamos el presente recurso, por falta de jurisdicción.

**II.**

**A.**

El primer factor para considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Freire Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 215 DPR __ (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 500 (2019). La jurisdicción es el poder o autoridad con

que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. JJJ Adventure v. Consejo de Titulares y otros, 2025 TSPR 123, 216 DPR __ (2025); Greene et als. v. Biase et als., 2025 TSPR 83, 215 DPR __ (2025); Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR __ (2025); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495, 500 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). En consecuencia, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz et al. v. Morales, Hernández, *supra*; Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 448 (2024); Ruiz Camilo v. Trafon Group, Inc., *supra*. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra,* pág. 501; Ruiz Camilo v. Trafon Group, Inc., *supra*.

**B.**

Nuestra función como Tribunal de Apelaciones es proveer a los ciudadanos un foro apelativo mediante el cual un panel de no menos de tres (3) jueces **revisará**, como cuestión de derecho las **sentencias finales** del **Tribunal de Primera Instancia**, así

como las decisiones finales de los organismos y agencias administrativas y **de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia**. […] Art. 4.002 de la Ley Núm. 201-2003 Ley de la Judicatura, 4 LPRA sec. 24u.  Ver, además, el Artículo 4.006 de la Ley 201-2003 que establece la competencia del Tribunal de Apelaciones, 4 LPRA sec. 24y.

Cuando el Tribunal de Apelaciones resuelve algún asunto, la parte que no esté de acuerdo puede presentar una moción de reconsideración el término de quince (15) días.  A tales efectos, Regla 84 de la Parte VIII del Reglamento del Tribunal de Apelaciones, *supra*, dispone como sigue:

Moción de reconsideración; mandatos

(A) Cualquier moción de reconsideración sobre cualquier **asunto civil o criminal** deberá ser presentada dentro del plazo **improrrogable** de **quince días** contados a partir del archivo en autos de copia de la notificación de la **resolución o sentencia del Tribunal de Apelaciones**.

[……..]

(D)        No se permitirá la presentación de más de una moción de reconsideración por la misma parte, de haber sido denegada la primera.

A tenor con la antes mencionada normativa, evaluamos.

## III.

El señor Torres Maysonet presentó un recurso titulado Moción Reconsideración Apelación a Resolución con fecha del 25 de marzo de 2026.  En este, no incluyó copia de alguna determinación reciente del Tribunal de Primera Instancia que podamos revisar.  Tampoco fue específico respecto a qué determinación del foro primario desea que revisemos, si alguna.  En ese sentido, sabido es que somos un foro revisor, y si no se nos provee un dictamen anterior, no tenemos facultad para

atender la reclamación.   En consecuencia, no estamos en posición de acreditar que poseamos jurisdicción para concederle algún remedio al peticionario.

Ahora bien, el señor Torres Maysonet indicó que no estaba conforme con una Resolución del 24 de febrero de 2026 y mencionó a este Tribunal de Apelaciones.  Ante ello, revisamos el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).   Identificamos una *Resolución* que emitió otro panel de este foro apelativo el 24 de febrero de 2026, asignado a la causa TA2026CE00104.  En esta, el panel desestimó la acción que interpuso el aquí peticionario, por falta de jurisdicción.   Ahora bien, esa determinación no la podemos revisar pues nuestra autoridad delegada en la Ley se limita a la revisión de determinaciones del Tribunal de Primera Instancia. Ver Artículo 4.002 de la Ley de la Judicatura, *supra*.  Es decir, no podemos revisar determinaciones de otros paneles de este Tribunal de Apelaciones.

Tampoco podemos intervenir para resolver la reconsideración de la determinación del 24 de febrero de 2026. Para ello, el señor Torres Maysonet tenía que presentar su solicitud en la misma causa TA2026CE00104.  Para ese trámite disponía de un término improrrogable de quince (15) días, hasta el 11 de marzo de 2026, a tenor con la Regla 84 (A) de nuestro Reglamento, lo cual no ocurrió.

Por tanto, también carecemos de jurisdicción y así lo decretamos.  En fin, el presente recurso, tal cual presentado, no es susceptible de ser revisado en este foro, por lo que lo desestimamos.

## IV.

Por las razones antes expresadas, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones