ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HÉCTOR O. PADILLA CINTRÓN<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00123 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PP-13-26<br><br>Sobre: Solicitud de Remedio Administrativo |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2026.

Comparece, por derecho propio e *in forma pauperis,* el señor Héctor O. Padilla Cintrón (señor Padilla Cintrón o recurrente), quien solicita la revisión de una *Respuesta al Miembro de la Población Correccional* emitida el 20 de enero de 2026 respecto a la continuación de sus terapias físicas por una condición en su espalda. De esta, surgió que el subdirector de Servicios Clínicos del Departamento de Corrección y Rehabilitación (DCR o recurrido), le sugirió solicitar sus servicios y discutir su situación con el médico de su institución.

Inconforme, el 4 de febrero de 2026, el recurrente solicitó una reconsideración, en la que expresó que se le suspendió el tratamiento prescrito por su fisiatra y que llevaba ocho (8) meses sin ser evaluado, mientras su condición de salud continuaba afectándose. El 26 de febrero de 2026, el DCR denegó dicha reconsideración e informó que la Dra. Annette García Meléndez, gerente OPD del área clínica del Complejo Correccional de Ponce, indicó que se coordinaría una reevaluación con el fisiatra durante el mes de marzo de 2026.

Aún insatisfecho, el 20 de marzo de 2026, el señor Padilla Cintrón presentó el recurso de revisión judicial que nos ocupa. En este, reiteró que continuaba con un fuerte dolor de espalda, llevaba ocho (8) meses desde que se eliminaron las terapias físicas y que el área médica únicamente le suministraba medicamentos para mitigarlo. Solicitó que este Tribunal ordenara la evaluación de un fisiatra.

El 20 de abril de 2026, el DCR, representado por la Oficina del Procurador General de Puerto Rico (OPG), presentó una *Solicitud de Desestimación*. En esencia, planteó que el recurso se tornó académico, en tanto la controversia dejó de ser justiciable. Sostuvo que el recurrente solicitó ser evaluado por un fisiatra y que el 16 de marzo de 2026, el Dr. Joezer Lugo Rañal, fisiatra, lo evaluó y le recomendó unos estudios médicos y medicamentos. Expresó que, a tenor con los resultados de los estudios, dicho médico determinará y programará los procedimientos médicos que se le realizarán al señor Padilla Cintrón. En vista de ello, argumentó que se proveyó el remedio específico que el recurrente reclamó ante esta curia apelativa, por lo que procedía la desestimación del recurso.

Por los fundamentos que se exponen a continuación, se adelanta la desestimación del recurso de revisión judicial.

## I.

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *JJJ Adventure v. Consejo de Titulares y otros*, 2025 TSPR 123, 216 DPR ___ (2025); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015). En su ausencia, el tribunal carece de facultad para adjudicar la controversia y cualquier determinación es nula e inexistente. *Íd.*; *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Por ello, todo foro judicial debe, en primera instancia, examinar su jurisdicción, ya que no puede

asumirla discrecionalmente. *JJJ Adventure v. Consejo de Titulares y otros, supra*; *Torres Alvarado v. Madera Atiles, supra.*

Cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede la desestimación del recurso sin atenderlo en sus méritos. *Íd.* Al respecto, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), R. 83, faculta a este foro a desestimar, a iniciativa propia, un recurso por falta de jurisdicción.

Como parte del análisis jurisdiccional, se debe examinar el principio de justiciabilidad, el cual delimita la facultad judicial a la existencia de un caso o una controversia genuina entre partes que tienen un interés real en obtener un remedio. *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727 (2022); *Romero Barceló v. ELA,* 169 DPR 460 (2006); *Com. de la Mujer v. Srio. de Justicia,* 109 DPR 715 (1980). En particular, no es justiciable un caso que se tornó académico al desaparecer la controversia que lo originó por el transcurso del tiempo o eventos posteriores. *Emp. Pur. Des., Inc. v. HIETEL,* 150 DPR 924 (2000); *Noriega v. Hernández Colón,* 135 DPR 406 (1994). Así pues, el caso pierde su carácter adversativo y la intervención judicial equivaldría a emitir una opinión consultiva. *Angueira v. JLBP,* 150 DPR 10 (2000).

## II.

Como se colige de la discusión anterior, la controversia planteada por el señor Padilla Cintrón perdió su carácter justiciable, al tornarse académica. Ello, debido a que este solicitó que ordenáramos al DCR la evaluación del recurrente por un fisiatra, ante la presunta suspensión de sus terapias físicas y la falta de atención médica. No obstante, la OPG señaló que el 16 de marzo de 2026, el recurrente fue evaluado por un fisiatra, quien ordenó que se le realizaran varios estudios médicos, estableció un tratamiento y, con

el beneficio de los resultados de los estudios ordenados, determinará el procedimiento médico a seguir.

A la luz de estos hechos, es evidente que la agencia recurrida concedió el remedio solicitado por el señor Padilla Cintrón, al haberse efectuado su evaluación por el especialista requerido. Esta circunstancia provocó que desapareciera la controversia que originó este recurso, lo que significa que ante la ausencia de dicha disputa real, carecemos de jurisdicción para adjudicar el recurso en sus méritos, por lo que procede su desestimación por academicidad.

**III.**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

El DCR deberá remitir copia del dictamen al señor Padilla Cintrón en cualquier institución donde se encuentre.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones